IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DENISE FAYE GILLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SAFEWAY, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. A05-0234CV (RRB) |

**PLAINTIFF DENISE GILLEN'S MOTION AND MEMORANDUM
IN SUPPORT OF MOTION TO AMEND COMPLAINT**

Plaintiff Denise Gillen, by and through the Law Offices of Kenneth J. Goldman as counsel, hereby moves pursuant to F.R.Civ.P. 15 and the Scheduling & Planning Order, already entered in this case, to amend the Complaint to include "John Doe and/or Jane Doe" as potential party-defendants. Such yet to be identified defendant or defendants would be the individual or individuals who, when functioning as licensed pharmacist(s) or pharmacy assistant(s)/tehnician(s), actually, personally, and physically may have acted in breach of contract and also in a negligent manner to insert the wrong medication into Denise Gillen's prescription bottles at Safeway. Upon further discovery, if continuing evidence indicates that a specific pharmacy licensee or employee acted improperly, and that is to be determined, then that particular person can be substituted by name as an individual/personal party. If continuing discovery shows no error on a licensee's part or employee's part, then nobody at all will be substituted for "John Doe and/or Jane Doe." This at least preserves Plaintiff's rights and potential actions because she is not in a position to know precisely which persons

Denise Gillen's Motion to Amend Complaint                                                                                                  - 1 -
*Gillen v. Safeway, # Case No. A05-0234CV (RRB)*

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346   Fax: (907) 746-2340

physically inserted the wrong medication, or failed to properly cross-check the medication, in the prescription bottles. This factual background is explained in more depth below.

A proposed Amended Complaint is filed herewith as **Exhibit 1**, but there is no need for Defendant Safeway, Inc. to answer or otherwise respond to the Amended Complaint once it is approved for filing. The deadline for this motion to add other parties and/or amend the pleadings is Monday, December 12, 2005, per the Scheduling and Planning Order signed by the Honorable Ralph Beistline, United States District Judge, on November 12, 2005.

By background, the parties have only now commenced discovery. It is too early to know which employees may or may not be individually liable, if any, for the error. Defendant Safeway, Inc. has already admitted in its Answer, dated October 5, 2005, that it dispensed an incorrect medication to the plaintiff on September 17, 2004. It further admitted in its Answer that as soon as "Carrs" (this store name apparently being used interchangeably by Defendant Safeway) became aware that the incorrect drug had been dispensed to Plaintiff, it alerted Plaintiff's medical provider, although there may be some dispute about how and through whom that awareness first came to the pharmacy. Safeway admitted in its Answer, too, that it dispensed Ambien, although the prescription for filling was Ultracet. *See Defendant Safeway, Inc.'s Answer, 10/5/05, Paragraphs 4 through 5 thereof (admitting medication error but providing no further details).*

Meanwhile, Plaintiff Denise Gillen is awaiting return of Defendant Safeway's written discovery responses stating the full name, residential address, and telephone number of each pharmacy employee who actually filled or physically dispensed Ambien, instead of the prescribed Ultracet or Ultram, to or for Denise Gillen on or about September 16 or September

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346   Fax: (907) 746-2340

Denise Gillen's Motion to Amend Complaint
*Gillen v. Safeway, # Case No. A05-0234CV (RRB)*

- 2 -

17, 2004. Even then, depositions will be necessary in follow-up to ascertain precisely what each employee was supposed to do at each step of the internal pharmacy protocol since there were or should have been back-up procedures for cross-checking medications. This may involve overlapping employees acting under one or more state licenses. Ambien, the mis-dispensed controlled substance, may have been subject to DEA procedures/reports and DEA control numbers, too, under that pharmacy licensee or those pharmacy licensees holding DEA control numbers and authorizations. This amendment puts the parties on notice. While it is premature to join individual pharmacy employees/licensees as named parties for breaches of contract and/or duty of care, the amendment at least preserves Plaintiff's rights to identify and later name people who "may be out there" for liability purposes but beyond reach of Plaintiff's discovery quite yet. It is a prospective contemplation of what may become conforming evidence in discovery.

Changes to the language of the original Complaint are very brief and, for the sake of convenience, added in the caption and then again mostly at the end of the Complaint, at Paragraphs 24 through 25 and the Prayer for Relief. Defendant Safeway, Inc. does not need to responsively plead to the Amended Complaint since the amendments only concern individual licensees in John Doe and/or Jane Doe form. The language is underlined, bold-faced, and contained in the Amended Complaint, filed in unsigned and proposed form as **Exhibit 1** hereto, as following:

    A.    Amended language in caption (adding "John Doe and/or Jane Doe") and at the top of Page 1 (making plural defendants);

    B.    Paragraphs 24 and 25, as revised/amended; and

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346   Fax: (907) 746-2340

C.  Prayer for Relief (making plural defendants).

Amendment is proper under these circumstances to conform to anticipated or potential evidence, in evolving discovery, on individual pharmacy and DEA licensees and control number holders. The responsible individuals are known to Defendant Safeway, Inc. Plaintiff is not yet in a position to know these responsible individuals. The John Doe and/or Jane Doe style of amendment prejudices nobody while still preserving Plaintiff's future right to discovery and to decide whether to substitute named individuals in their personal capacities/licenses.

Dated this 9th day of December, 2005 in Palmer, Alaska.

*Elizabeth Smith*
Elizabeth N. Smith
Attorney for Plaintiff Denise Gillen
Alaska Bar No. 9402003

with Exh. 1 and Order
I certify a copy of the foregoing was
☒ mailed ☐ faxed ☐ hand delivered
to Cynthia Ducey
on 12-9-05  Initials BAB

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346  Fax: (907) 746-2340