FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 19 PM 3: 56

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DENISE FAYE GILLEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| SAFEWAY, INC., | ) ) |
| Defendant. | ) ) ) Case No. A05-234 CV (RRB) |

## OPPOSITION TO MOTION TO AMEND COMPLAINT

### INTRODUCTION

Defendant Safeway, Inc. ("Safeway") opposes plaintiff's Motion to Amend Complaint. This Court should deny plaintiff's motion because: (1) plaintiff has failed to demonstrate she is entitled to relief; (2) plaintiff seeks leave to name a fictitious defendant merely to add a non-diverse party and thereby defeat federal jurisdiction; (3) denying plaintiff's motion will not prejudice plaintiff; (4) the balance of the equities militates in favor of denying plaintiff's motion. For the foregoing reasons, this Court should deny plaintiff's motion to amend complaint to add fictitious defendants.

### FACTS

On or about Friday, September 17, 2004, Safeway dispensed a prescription drug, Ambien, to plaintiff - who has previously used the drug. Complaint at 3. Once Safeway became aware the drug had been dispensed through a discussion with plaintiff, it alerted plaintiff's medical provider. *Id.* Plaintiff claims she was involved in a subsequent vehicle collision. Complaint at 3-4.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

OPPOSITION TO MOTION TO AMEND COMPLAINT
*Gillen v. Safeway, Inc.*; Case No. A05-234 CV (RRB)                                   Page 1 of 12

Plaintiff has sued Safeway, alleging Safeway incorrectly dispensed the medication in attempting to fill plaintiff's prescription for another drug. Complaint at 3. Safeway has admitted it mistakenly dispensed Ambien. Answer at 2. Plaintiff has served its complaint, and Safeway answered over two months ago. *See* Answer. Thus, the period during which plaintiff is entitled to amend its complaint has ended. Fed. R. Civ. P. 15(a). Yet, the parties have only recently commenced discovery. *See* plaintiff's Motion to Amend Complaint at 2. In fact, plaintiff has not even received Safeway's responses to plaintiff's first interrogatories yet. Nevertheless, plaintiff now seeks to add fictitious defendants, ostensibly because plaintiff feels that a Safeway pharmacist or pharmacists, acting in the course and scope of their duty, somehow could be liable to plaintiff aside from Safeway's liability under a *respondeat superior* theory of liability. Motion to Amend Complaint. But, as plaintiff has alleged, and Safeway has admitted, it dispensed Ambien to plaintiff when plaintiff sought other prescription medication from Safeway. Thus, given the early phase of discovery, plaintiff could not possibly have an argument that the pharmacist or pharmacists were in some way acting outside the course and scope of their duties as Safeway employees.

Although the period during which plaintiff is entitled to amend its complaint has passed, and although the parties have only barely begun discovery, plaintiff moves this Court to amend its complaint to add fictitious defendants. Motion to Amend Complaint at 1. Safeway opposes plaintiff's motion.

### ARGUMENT

**I.     This Court Should Deny Plaintiff's Motion to Amend Because Plaintiff Has Failed to Demonstrate She is Entitled to Relief**

Plaintiff is not entitled to amend her complaint because, plaintiff, as the moving party, has failed to provide this Court with the appropriate legal and factual authority demonstrating that she

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

OPPOSITION TO MOTION TO AMEND COMPLAINT
*Gillen v. Safeway, Inc.*; Case No. A05-234 CV (RRB)                    Page 2 of 12

is entitled to relief. Motion to Amend Complaint at 1-4. Plaintiff has failed to cite any legal authority that entitles her to amend her complaint. *Id.*

A motion must include the "authorities relevant to the relief requested." *See* D. Ak. LR 7.1(a)(2). "Failure to include proper materials in support of ... a motion as required by this rule subjects the motion to summary ruling by the court . . . . (1) If the failure is by the moving party, it may be deemed an admission that the motion is without merit[.]" D. Ak. LR 71.(d) *see also Nilsson, Robbins, Dalgarn, Berlinier, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1548 (9th Cir. 1988) ("If a brief fails to contain the contentions of the [plaintiff] with respect to the views presented, and fail to contain citations to authorities, statutes and the record, the issue is waived."); *Intertrust Technologies Corp. v. Microsoft Corp.*, 275 F.Supp.2d 1031, 1051 (N.D. Cal. 2003) ("As far as the Court is concerned, the persuasiveness of an argument ... is in direct proportion to the authorities on which it is premised. Necessarily this means that an argument that lacks appropriate supporting citations is no argument at all. Thus, Microsoft cannot be heard to complain that the Court has not adequately considered its arguments where these arguments are insufficiently supported by citations to evidentiary and/or legal authorities."). Because plaintiff has failed to provide this Court with the appropriate legal and factual authority demonstrating that she is entitled to relief this Court should deny plaintiff's motion to amend.

In addition, Plaintiff cannot attempt to cite new authority in a reply because she is solely limited to rebutting the legal or factual arguments raised in Safeway's Opposition. *See* D. Ak. LR 7.1(b); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (noting that courts generally decline to consider arguments raised for the first time in a reply brief); *Golden v. Pacific Maritime Ass'n*, 786 F.2d 1425, 1429 (9th Cir. 1986) ("appellants cannot raise a new issue for the first time in their reply briefs.").

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

OPPOSITION TO MOTION TO AMEND COMPLAINT
*Gillen v. Safeway, Inc.*; Case No. A05-234 CV (RRB)                                    Page 3 of 12

Instead of including "authorities relevant to the relief requested" plaintiff merely notes Federal Rule of Civil Procedure 15 by way of passing. Plaintiff has not stated what Rule 15 requires; has not applied Rule 15 to the facts of the case; and has not included case law discussing when a party should be granted leave to amend after a responsive pleading has been served. By failing to include supporting authority of even the most basic nature, plaintiff has admitted the motion is without merit. *See* D. Ak. LR 7.1(d). Because plaintiff, as the moving party, had a duty to support her argument with at least some type of legal authority and failed to do so, this Court should deny plaintiff's motion to amend the complaint.

II. **This Court Should Deny Plaintiff's Motion Because Joinder Is Inappropriate Under Factors Established by Case Law**

After a case has been removed on the basis of diversity jurisdiction, courts have discretion under 28 U.S.C. § 1447(e) to deny a plaintiff's attempt to subsequently defeat diversity jurisdiction by attempting to amend the complaint to add non-diverse parties. *See* 28 U.S.C. § 1447(e): "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

> Section 1447(e) and Rule 19 *in combination* expand the district court's options for dealing with an attempt to join a necessary, non-diverse party where the case has been removed to federal court. The court may: (1) deem the party "indispensable" and dismiss the case; (2) deem the party *not* indispensable and continue its jurisdiction over the lawsuit without joinder; or (3) allow joinder and remand the case to state court.

*Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc.*, 916 F.Supp. 1024, 1027 (D. Nev. 1996) (emphasis in original) (citations omitted).

In considering whether to allow joinder under Section 1447(e), courts consider:

(1) the extent to which the joinder of a non-diverse party is sought merely to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

OPPOSITION TO MOTION TO AMEND COMPLAINT
*Gillen v. Safeway, Inc.*; Case No. A05-234 CV (RRB)                Page 4 of 12

amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; (4) any other factors bearing on the equities.

*Id.* (citing cases setting forth similar factors courts may consider in deciding whether to permit joinder, and noting that the plaintiff's motive in joining nondiverse defendants is important when evaluating removal cases). Courts may also consider whether the statute of limitations would prevent the filing of a new action against the new defendant in state court. *See Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1020 (C.D. Cal. 2002). Courts should also consider the original defendant's interest in its choice of forum. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

In a similar case before this Court in 2005, Judge James K. Singleton, Jr. denied plaintiff's motion to amend complaint to add a non-diverse party, after defendant had timely removed the case. Exhibit A, *Lutz v. First Financial Ins. Co., Inc.*, No. A04-0229 CV (D. Alaska June 23, 2005) (order denying motion to amend complaint to add a non-diverse party). In that case, the plaintiff was suing an insurer for an alleged failure to defend and indemnify. *Id* at 1. The plaintiff sought to add as a non-diverse party an insurance adjuster who was neither an indispensable party nor a necessary party under Federal Rule of Civil Procedure 19. *Id.*

This Court, relying on some of the case law cited here by Safeway, ruled that the equities tilted in favor of denying plaintiff's motion and retaining jurisdiction. *Id* at 2. This Court also relied on the fact that the case could easily be resolved without the non-diverse insurance adjuster as a party. *Id.* Further, this Court noted that the plaintiff could call the non-diverse insurance adjuster as a witness at trial. *Id.* This Court refused to allow plaintiff to add a non-diverse party because it appeared to the Court that plaintiff sought joinder "primarily to defeat this Court's jurisdiction[.]" *Id.* And this Court reasoned that plaintiff would not be prejudiced by denying the motion because full relief was available in this Court. *Id.* Finally, noting that an action by

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

**OPPOSITION TO MOTION TO AMEND COMPLAINT**
*Gillen v. Safeway, Inc.*; Case No. A05-234 CV (RRB)                                                              Page 5 of 12

plaintiff against the non-diverse party in state court would not be barred by the statute of limitations, this Court denied plaintiff's motion. *Id.*

As this Court ruled in *Lutz v. First Financial Ins. Co., Inc.*, this Court should also deny plaintiff's motion to amend complaint to add a non-diverse third party in this case because eache of these same considerations militate in favor of allowing federal jurisdiction to continue. Analyzing the factors established above demonstrates that this Court should deny plaintiff's motion to amend because plaintiff has failed to show she is entitled to relief under 28 U.S.C. § 1447(e).

### A.  Plaintiff Has Requested Leave to Include Fictitious Defendants Merely to Defeat Federal Diversity Jurisdiction

Plaintiff has moved to amend her complaint to add fictitious defendants merely to attempt to defeat federal diversity jurisdiction by naming a non-diverse party as an additional defendant. After a defendant has properly removed a case, the plaintiff may not join non-diverse parties merely to defeat federal jurisdiction. *Winner's Circle of Las Vegas, Inc.*, 916 F.Supp. at 1026. Various courts have denied a plaintiff's post-removal motion to amend the complaint to add a non-diverse party and remand the case when the purpose of the amendment is simply to defeat diversity jurisdiction. *See, e.g., White v. City Fin. Co.*, 277 F.Supp.2d 646, 650-51 (S.D. Miss. 2003) (denying plaintiffs' request to amend complaint to add claims against non-diverse defendant employees because "it is plain to the court that the purpose of plaintiffs' proposed amendment is to destroy diversity jurisdiction"); *Newman v. Motorola, Inc.*, 218 F.Supp.2d 783, 787 (D. Md. 2002) (denying plaintiff's motion to amend complaint to add non-diverse defendant, upon finding that purpose was to destroy diversity jurisdiction, that explanation for delay was insufficient, and that plaintiff could fully recover in absence of proposed defendant); *Perry v. Hartford Ins. Co. of Midwest*, 196 F.Supp.2d 447, 449 (E.D. Tex. 2002) (denying plaintiff's post-removal motion to

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

OPPOSITION TO MOTION TO AMEND COMPLAINT
*Gillen v. Safeway, Inc.*; Case No. A05-234 CV (RRB)                                              Page 6 of 12

amend complaint to add non-diverse defendant where "the amendment is requested primarily for the purpose of defeating federal jurisdiction").

Here, plaintiff seeks leave to amend her complaint after Safeway has already answered it. Under Federal Rule of Civil Procedure 15(a), plaintiff must demonstrate that she will be prejudiced if this Court denies her motion. But plaintiff has neither included any legal authority supporting her position that leave to amend is proper, nor has plaintiff argued that she will be prejudiced if this Court does not grant her leave to amend. Plaintiff's failure to argue she will be prejudiced if she is not allowed to amend does not result from poor pleading. Rather, plaintiff fails to argue that she will be prejudiced absent leave to amend because plaintiff will sustain no prejudice if this Court denies her motion to amend.

Plaintiff moves to amend her complaint to add fictitious defendants. But the presence of these fictitious defendants is immaterial to plaintiff's ability to seek full relief from any damages she can prove. Their presence is immaterial because Safeway has admitted it dispensed Ambien to plaintiff, and this admission allows plaintiff to seek full relief from Safeway. Moreover, plaintiff admits at all times relevant to the complaint the pharmacists involved in the mistaken filling of the prescription acted in the course and scope of their employment. Unless plaintiff has reason to claim that the Safeway pharmacist or pharmacists were not acting in the course and scope of their duties as Safeway employees in attempting to dispense the prescription plaintiff sought from Safeway, plaintiff has no right to add a pharmacist or pharmacists as additional defendants. At this early stage in discovery, plaintiff could not have determined somehow that a Safeway pharmacist was acting outside the course and scope of his duty, especially when he was attempting to dispense the drug plaintiff sought from Safeway. At a minimum, there should be specific facts plaintiff can allege that would support this conclusion.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

**OPPOSITION TO MOTION TO AMEND COMPLAINT**
*Gillen v. Safeway, Inc.*; Case No. A05-234 CV (RRB)                                Page 7 of 12

Because plaintiff has no need to add a Safeway pharmacist as a fictitious defendant, and because plaintiff has no way of believing a Safeway pharmacist could have been acting outside the course and scope of his duties, the only reason for plaintiff to attempt to add fictitious defendants is to defeat federal diversity jurisdiction. As demonstrated by the weight of legal authority discussed above, after a case has been properly removed, a plaintiff cannot amend its complaint to add a non-diverse party when the purpose of the amendment is simply to defeat diversity jurisdiction. Therefore, this Court should deny plaintiff's motion to amend the complaint to add fictitious defendants.

### B. This Court Should Deny Plaintiff's Motion Because Denying Plaintiff's Motion Will Not Prejudice Plaintiff

Plaintiff has moved to amend her complaint to add fictitious defendants after Safeway has served its answer. Courts have generally applied 28 U.S.C. § 1447(e), rather than Federal Rule of Civil Procedure 15(a), in determining whether to allow a plaintiff to amend a complaint to destroy diversity jurisdiction after removal. *See, e.g., Bevel v. American States Ins. Co.*, 100 F.Supp.2d 1309, 1313-14 (M.D. Ala. 2000) (denying post-removal joinder of non-diverse defendant that would have destroyed diversity jurisdiction, and noting that 28 U.S.C. § 1447(e) trumps the liberal pleading requirements of Rule 15). This is because Rule 15 does not specifically speak to situations in which the case has been removed, 28 U.S.C. § 1447(e) does specifically contemplate amendments that would destroy the subject matter jurisdiction of the district court. *See id.* (citing *Bulova Watch Co. v. United States*, 365 U.S. 753, 758, 81 S.Ct. 864, 6 L.Ed.2d 72 (1961) (a specific statute should not be controlled by a general one)).

Courts should deny post-removal motions attempting to join non-diverse parties when the plaintiff will not suffer serious prejudice if the amendment is not allowed. *Winner's Circle of Las Vegas, Inc.*, 916 F.Supp. at 1027; *Perry*, 196 F.Supp.2d at 450 (concluding that plaintiff would

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

OPPOSITION TO MOTION TO AMEND COMPLAINT
Gillen v. Safeway, Inc.; Case No. A05-234 CV (RRB)                                          Page 8 of 12

suffer no serious prejudice if amendment to join non-diverse defendant is denied); *White*, 277 F.Supp.2d at 651 ("plaintiffs have not demonstrated that they will be prejudiced by the denial of their motion, and in fact, there is nothing to suggest that these plaintiffs will be unable to obtain full relief on any cognizable claims without the presence of the unnamed resident defendants"); *Boon*, 229 F.Supp.2d 1016, 1025 (C.D. Cal. 2002) (denying remand of action upon decision not to allow permissive joinder of diversity-destroying defendant because, among other things, defendant's absence should not unduly prejudice plaintiff and defendant was only tangentially related to the case). Prejudice is "[d]amage or detriment to one's legal rights or claims." Black's Law Dictionary (8th ed. 2004).

Here, Safeway has admitted liability for the dispensation of Ambien. Complaint at 3. Plaintiff can seek damages against Safeway under a *respondeat superior* liability theory, based on Safeway's admission that the pharmacist acted in the course and scope of their employment and on the admission that Safeway's pharmacy, in filling plaintiff's prescription, incorrectly dispensed Ambien. Plaintiff need not add the individual pharmacist or pharmacists that actually dispensed the Ambien while acting in the course and scope of their duties to obtain full relief from Safeway for her damages. Plaintiff can seek full and complete relief from any damages she may have suffered in her suit against Safeway. If this Court determines that Safeway was negligent and that such negligence resulted in damages to plaintiff, plaintiff will obtain full relief.[1]

In addition, if this Court denies plaintiff's motion, the statute of limitations would not bar plaintiff from bringing an action in state court against the individual Safeway pharmacist or pharmacists. *See Boon*, 229 F.Supp.2d at 1023 (noting that because plaintiff does not allege a new action against the non-diverse defendant would be time-barred, plaintiff would not be prejudiced

---

[1] Safeway disputes that the misfill was the legal cause of any damages. No Ambien was found in plaintiff's system and plaintiff had a significant amount of THC in her system.

**OPPOSITION TO MOTION TO AMEND COMPLAINT**
*Gillen v. Safeway, Inc.*; Case No. A05-234 CV (RRB)                                    Page 9 of 12

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

by not being allowed to add the defendant); *Clinco v. Roberts*, 41 F.Supp.2d 1080, 1083 (C.D. Cal. 1999) ("Clinco does not argue that a new action against Klarfeld would be time-barred; Therefore, this factor does not support amendment."). Because plaintiff only recently discovered Safeway dispensed Ambien to her, plaintiff's claim against Safeway pharmacists would not be time-barred under the statute of limitations. *See* AS 09.10.070 (statute of limitations for torts is two years from the time of discovering the tort). Because the applicable statute of limitations would not bar plaintiff's claim against a Safeway pharmacist, this factor militates against allowing plaintiff to amend her complaint. In conclusion, denying plaintiff's motion to add fictitious defendants after Safeway has already answered plaintiff's complaint will not implicate plaintiff's rights or her suit against plaintiff in any way.

### C. This Court Should Deny Plaintiff's Motion Because the Balance of Equities Favors Denying Plaintiff's Motion

In evaluating a plaintiff's post-removal motion to amend, this Court should also consider miscellaneous factors bearing on the equities. *See Winner's Circle of Las Vegas, Inc.*, 916 F.Supp. at 1027. In evaluating the equities, it is important to recognize that "the diverse defendant has an interest in retaining the federal forum. Indeed, the removal statutes are predicated on giving the diverse defendants a choice of a state or federal forum." *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Therefore, "[w]hen an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exist strong equities in its favor." *Alcantra v. Prudential Life Ins. Co. of America*, 75 F.Supp.2d 563, 565 (E. D. Tex. 1999).

Here, plaintiff has not demonstrated that any of the factors courts may consider in evaluating whether to grant a plaintiff's post-removal motion to amend weighs in her favor. Motion to Amend Complaint at 1-4. Rather, for the reasons set forth above, the factors identified by reviewing courts weigh in favor of Safeway. Plaintiff has attempted to add fictitious

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

OPPOSITION TO MOTION TO AMEND COMPLAINT
*Gillen v. Safeway, Inc.*; Case No. A05-234 CV (RRB)                                   Page 10 of 12

defendants at this time merely as a ploy to thwart this Court's congressionally mandated diversity jurisdiction. Because both the law and equity support denying plaintiff's motion to amend, this Court should not allow plaintiff to engage in forum-shopping after the time to amend pleadings has ended.

## CONCLUSION

In sum, this Court should deny plaintiff's motion because: (1) plaintiff has failed to demonstrate she is entitled to relief; (2) plaintiff seeks leave to name a fictitious defendant merely to add a non-diverse party and thereby defeat federal jurisdiction; and (3) denying plaintiff's motion will not prejudice plaintiff; (4) the balance of the equities militates in favor of denying plaintiff's motion. For the foregoing reasons, this Court should deny plaintiff's motion to amend complaint to add fictitious defendants.

DATED at Anchorage, Alaska this _____ day of _____, 2005.

**DELANEY, WILES**
Attorneys for Defendant
SAFEWAY, INC.

for _____
Cynthia L. Ducey ABA# 8310161

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

OPPOSITION TO MOTION TO AMEND COMPLAINT
Gillen v. Safeway, Inc.; Case No. A05-234 CV (RRB)                    Page 11 of 12

**Certificate of Service**

On this 19th day of Dec, 2005,
I caused to be mailed
by the U.S. Postal Service a copy
of this document upon:

Elizabeth N. Smith
The Law Office of Kenneth J. Goldman, P.C.
550 S Alaska Street, Suite 4-5
Palmer, AK 99645

_____
111743

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

OPPOSITION TO MOTION TO AMEND COMPLAINT
*Gillen v. Safeway, Inc.*; Case No. A05-234 CV (RRB)                    Page 12 of 12