RECEIVED

JAN 0 4 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE. ALASKA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DENISE FAYE GILLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SAFEWAY, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. A05-0234CV (RRB) |

### **REPLY ON PLAINTIFF DENISE GILLEN'S MOTION TO AMEND COMPLAINT**

This is Plaintiff Denise Gillen's reply brief on the pending motion to amend the

Complaint to include yet to be identified "John Doe" and/or "Jane Doe" pharmacy licensees

as individual defendants. This reply brief is due on or before January 4, 2006 per non-

opposed extension of the deadline. This brief addresses the points raised in Defendant

Safeway's Opposition to Motion to Amend Complaint, served on December 19, 2005, in the

same order as presented by Defendant.

Most importantly, the corporation could only work through pharmacy licensees who

have individual regulatory and record-keeping duties. However, Defendant Safeway

bootstraps its argument that amendment to include individual pharmacy licensees, even just

by fictitious "John Doe and/or Jane Doe" designators, would remand the case back to state

court. Meanwhile, Defendant Safeway remains conspicuously silent about who those

pharmacy licensees are and where they reside (whether locally or out-of-state).

Plaintiff has sought this information, via a formal interrogatory, since personal service

of the initial summons and complaint, as allowed under Alaska Civil Rule 26. Frozen blood

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346  Fax: (907) 746-2340

BEST SCANNED
IMAGE AVAILABLE

for Denise Gillen, previously thought destroyed, was found after filing of the state lawsuit at the trooper-referred toxicology laboratory, but it was apparently not tested for Ambien which dissipates over time. Everyone agrees that further destructive testing is immediately necessary, especially since the samples detected THC/marijuana which Denise Gillen did smoke legally. Yet splitting the causes of action or parties between federal and state courts would exclude the individual pharmacy licensees in state court from the federal court's order on destructive testing of the blood.

Plaintiff's purpose in amendment should not be assumed to avoid federal jurisdiction or to remand the case to state court. There are viable claims against the individual pharmacy licensees, who Plaintiff has long sought to identify through informal and formal channels, and the licensees should be part of destructive blood testing in a single united case with Safeway (their employer). Records correction, something expressly sought by Plaintiff for a very long time, would be incumbent upon individual pharmacy licensees and not the corporation per state licensing regulations. Plaintiff wishes she knew enough about who the licensees are, and in candor she should have had this information by now, to join them by full name instead of as by fictitious "John Doe" and "Jane Doe" denominators.

## INTRODUCTION:

It is not entirely true that the parties, as Defendant Safeway depicts at Page 2 of its opposition brief, "have only recently commenced discovery" or that they "have only barely begun discovery." Even so, *arguendo*, if completion of discovery (or the bulk of it) would be a pre-requisite to amendment, then every plaintiff would still be trapped in a "Catch-22" on timeliness issues in seeking to amend pleadings mid-discovery or late-discovery. Ironically,

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346  Fax: (907) 746-2340

at the same time as Safeway argues that Plaintiff Denise Gillen waited too long to amend her complaint, the corporation also says that until more discovery is done she is acting too prematurely or fictitiously as well.

Defendant Safeway openly admits at Page 2 of the opposition brief that it dispensed the wrong medication (sleeping pills). Who did it is information kept in the close control of the corporation. Whether or not the pharmacy licensee or licensees who committed the error were acting within the scope of their duty, Plaintiff and her counsel are aware of no limitation which would restrict litigation to only the employer (Safeway under *respondeat superior* theories) to the exclusion of the individual licensees. There is no citation of law that Safeway's admission of filling the wrong medication should act as some sort of *quid pro quo* automatically barring suit against the individuals as well, regardless of whether they filled the wrong drug within or outside of the scope of their regular employment.

**More importantly, though, almost four months ago, Plaintiff Denise Gillen served a set of ten initial interrogatories, along with the state court summons, complaint, and judicial assignment notice, upon Defendant Safeway, as authorized under Rule 26(d)(1) and (d)(2)(C), Alaska Civil Rules.** In direct relevance to this motion dispute, the following pivotal interrogatory was served with the initial state pleadings:

> **Interrogatory No. 1: Please state the full name, residential address, and telephone number of each pharmacy employee who actually filled or physically dispensed Ambien, instead of the prescribed Ultracet or Ultram, to or for Denise Gillen on or about September 16 or September 17, 2004.**
> **Answer:**

Interrogatory No. 1 remains unanswered, as do other related interrogatories that are discussed later in this reply brief. By November of 2005, Defendant was late in answering the

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346 Fax: (907) 746-2340

interrogatories. Next Defendant sought an extension and then another extension, which second extension is due to expire on January 13, 2006, for answering this information. Meanwhile, Defendant Safeway has disputed the timeliness of Plaintiff's attempt to amend the complaint to include "John Doe" and/or "Jane Doe" pharmacy licensees. Still, it is undisputed that Plaintiff was quite obviously and early on seeking the name and residential address of each individual within the pharmacy who would be subject to joinder as a party-defendant. Plaintiff sought this information before there was federal removal due to diversity.

In short, Safeway still does not identify the names and residences of the persons within its pharmacy who actually and physically put the wrong medication (sleeping pills) into Plaintiff Denise Gillen's bottle in September of 2004. Only Safeway has this information, and the corporation is obviously not eager to share it so that the "fictitious" individuals can be identified with more specificity. This information was asked outright before litigation and then asked again at the very initiation of the state lawsuit.

Plaintiff Denise Gillen will in the "FACTS" section of this brief attach and reference her ten interrogatories, promulgated under state civil discovery rules, which were personally served along with the initial state court summons and complaint on Safeway's registered agent on September 16, 2005, meaning **before** Defendant Safeway ever filed its September 29, 2005 notice of federal removal. Before removal and even to date, Safeway has not answered those state interrogatories which seek, among other information necessary for complete party identification and joinder, the full name, residential address, and telephone number of each pharmacy employee who actually filled or physical dispensed the wrong medication. Safeway eventually sought extension of the time to answer the already overdue

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346  Fax: (907) 746-2340

interrogatories, which it apparently now plans to do by January 13, 2006. However, the identifying information, including precisely who misfilled the bottles and where those people live (whether locally in Alaska or out-of-state for diversity purposes), is still withheld by Safeway. This continues even while the corporation objects to what would otherwise appear to be timely amendment and joinder of "John Doe" and "Jane Doe" individuals who could potentially destroy complete federal diversity of citizenship. Safeway should not be allowed to withhold this information while removing the action to federal court and then objecting that Plaintiff wants "leave to name a fictitious defendant merely to add a non-diverse party and thereby defeat federal jurisdiction." Plaintiff has sought this information all along. There is no surprise or pretense here.

Splitting actions and parties between state and federal courts is duplicative. It is not only wasteful of judicial resources but also prejudicial to Plaintiff Denise Gillen (and the individual pharmacy workers) to "split" parties and actions. Splitting parties and claims, respectively, in federal court against Safeway and in state court against whomever is eventually (belatedly) identified as the negligent pharmacy licensees, would especially work prejudice because there must be destructive testing in one court or the other (in which presumably all potentially liable defendants would hold a stake or an interest in testing). The testing must be immediate of Denise Gillen's blood samples for chemical substances such as Ambien, Ultracet, alcohol, marijuana, and illegal street drugs or drugs of abuse. Safeway is "pushing" for destructive testing. Denise Gillen's blood samples, previously reported by law enforcement authorities as "destroyed" in Year 2004, were apparently located in frozen storage at the Washington State Toxicology Laboratory just a few days following when

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346  Fax: (907) 746-2340

Plaintiff filed her state court complaint, thus opening up all sorts of destructive testing questions. Safeway has repeatedly stated that it wants testing of Plaintiff Denise Gillen's frozen blood for street drugs or drugs of abuse as an alternative cause of her problems in September of 2004. The blood must be thawed, and then it is damaged in testing. Ambien has never been tested at all, either positive or negative, and it dissipates over time.

This "splitting" of claims and actions is further complicated by the history of Safeway's past incomplete and uncooperative pharmacy records disclosures.

Under these circumstances, there appears to be no logical reason why Plaintiff Denise Gillen, a victim of obvious and admitted pharmacy negligence, should be onerously required to duplicate efforts in both federal and state courts, according to split defendants. This is analogous to a *res ipsa loquitur* type of situation wherein the wrong drug could not have been dispensed to Plaintiff but for the negligence of one or more individual pharmacy licensees. To split actions would be to reward Safeway while waiting on Safeway's convenience in identifying the names, residences, and employment statuses of involved individual licensees per outstanding interrogatories served back in September of 2004 before federal removal.

Quite simply, how can Safeway expect Plaintiff Denise Gillen to know the names and citizenship locales of the negligent pharmacy licensees/employees, in order to join them as specifically identified defendants, without Safeway, who solely controls this confidential information, making disclosure to Plaintiff? Safeway should be estopped from arguing that amendment is a surprise, untimely, done solely out of motivation to avoid federal jurisdiction, or otherwise prejudicial to its rights.

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346  Fax: (907) 746-2340

### FACTS:

The following materials on factual and procedural background are attached hereto in chronological sequence:

| EXHIBIT NUMBER | DESCRIPTION |
| --- | --- |
| 1 | Affidavit of Denise Gillen, explaining facts going back to September of 2004 on how she quickly alerted Safeway to error after waking up in jail after accident and further explaining her frustrated efforts to obtain accurate/full records since then |
| 2 | Pre-litigation correspondence from Safeway, 12/16/04, attaching one-page pharmacy record omitting Ambien (sleeping pills) as actually dispensed and instead listing only Ultracet (what should have been dispensed) in September of 2004 |
| 3 | Pre-Litigation correspondence from Law Offices of Kenneth Goldman, PC (Plaintiff's counsel), 12/16/04, asking for ALL records beyond the one-page expense summary released by Safeway |
| 4 | Washington State Toxicology Laboratory Report, 9/14/05, received at Law Offices of Kenneth J. Goldman, P.C. two days after filing state complaint (and comprising first notice that blood was still in frozen storage at Washington Toxicology Laboratory whereas it was stated destroyed previously ) |
| 5 | Plaintiff's First Set of Interrogatories and Request for Production, 9/9/05, served with Complaint under Alaska Civil Rule 26(d)(1) and (2) |

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK  99645
Phone:  (907) 746-2346   Fax: (907) 746-2340

| 6 | Rule 4(f) Proof of Service, certifying Personal service of interrogatories on US Corporation Company, registered agent for Safeway, on 9/16/05 |
|---|---|
| 7 | Correspondence from the Law Offices of Kenneth Goldman, PC (Plaintiff's counsel), 9/27/05, asking for records search under Plaintiff's maiden name |
| 8 | Correspondence from DELANEY WILES, 9/29/05, noting representation of Safeway |
| 9 | Correspondence from Safeway (pursuant to earlier direct records request, Exhibit Number 7 above), 10/18/05, running prescription history through 10/10/05 but still omitting Ambien (sleeping pills) as actually dispensed and instead listing only Ultracet (what should have been dispensed) in September of 2004 |
| 10 | Correspondence from the Law Offices of Kenneth Goldman, PC (Plaintiff's counsel), 11/3/05, inquiring about ten initial interrogatories for which answer time would have expired at about time of removal |
| 11 | Faxes from the Law Offices of Kenneth Goldman, PC (Plaintiff's counsel), 11/7/05 and 11/8/05, faxing ten initial interrogatories as repeated service and agreeing to give 30-day extension, per request for extension from DELANEY WILES, until December, 2005 |

12                       [Partial excerpt from] Plaintiff's Initial Disclosures, 11/28/05, listing at Page 2, Paragraph A(5) thereof as knowledgeable individuals, "Unknown Persons at Safeway Pharmacy" who were "Yet To Be Identified in Discovery," including a manager named "Susan" and a pharmacy technician named "Theresa" or "Tricia"

13                       [Partial excerpt from] Defendant's Initial Disclosures, 11/28/05, listing full name of Teresa Heilig for first time and attaching "notepad" records in and related to Year 2004 medication error for first time

14                       Consent to Release of Blood Samples For Further Testing in Civil Litigation, Signed by Palmer District Attorney's Office on 11/3/05

15                       Correspondence from DELANEY WILES (Safeway's counsel), 12/10/05, seeking further extension of interrogatory answers until January 13, 2006 with such extension being granted by the Law Offices of Ken Goldman before the latter as counsel for Plaintiff received and read Safeway's Opposition to Motion to Amend Complaint on December 21, 2005 in which Safeway argued, for the first time, that individuals in the pharmacy were not be timely amended/joined

16                       Affidavit of Counsel, verifying above documents and history of telephonic efforts to get full records as well

17                       Correspondence from Eileen Nickoloff, Ph.D., DABCC, Clinical Chemist and Toxicologist, 1/4/06, explaining that Ambien dissipates over time from frozen blood samples for destructive testing purposes

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346   Fax: (907) 746-2340

Identification of the negligent pharmacy workers or licensees, meaning specific

parties-defendants, is a power resting within the exclusive control of the big corporation,

Defendant Safeway. Plaintiff as a patient would not have access to corporate information

identifying the persons within Safeway's pharmacy who physically bypassed or erred in

filling, checking, and rechecking prescriptions, unless or until this is made available to her in

discovery.

However, Plaintiff was clearly asking for this information at initiation of state court

litigation, including among the following interrogatories in Exhibit 4 hereto:

**Interrogatory No. 1:** Please state the full name, residential address, and telephone number of each pharmacy employee who actually filled or physically dispensed Ambien, instead of the prescribed Ultracet or Ultram, to or for Denise Gillen on or about September 16 or September 17, 2004.
Answer:


**Interrogatory No. 2:** Please state the chemical/generic name, brand/pharmaceutical name, number of pills or tablets, and potency/strength of the Ambien actually filled or physically dispensed, instead of the prescribed Ultracet or Ultram, to or for Denise Gillen on or about September 16 or September 17, 2004.
Answer:


**Interrogatory No. 4:** State the physical address, current telephone number, and full name of person (or each person) in current custody of those Carr's or Safeway pharmacy records which show, or would show, the mis-filling of a prescription, Ambien for Ultracet or Ultram, and any corrective records, actions, and billings thereafter, to or for Denise Gillen on and after September 16, 2004 through present.
Answer:


**Interrogatory No. 5:** State whether Safeway ever notified, re-billed, corrected, credited, or otherwise in any way communicated with, orally or in writing, Denise Gillen's health and prescription medical expense insurer on the difference between the Ultracet or Ultram prescription, as listed in Exhibit 1 of the Complaint for September 16, 2004, and the

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346 Fax: (907) 746-2340

Ambien actually dispensed to Denise Gillen on September 16 or 17, 2004. If so, state the date, nature, method (whether oral or written), and name of each person involved in such communication between Safeway and the insurer.

Answer:

**Interrogatory No. 10:** Following filling and dispensation to or for Denise Gillen of Ambien, in place of Ultram or Ultracet, on September 16 or 17, 2004, please describe how Safeway <u>first</u> notified Denise Gillen, or anyone treating Denise Gillen or acting on her behalf, of the pharmacy error, including but not limited to the name, address, and telephone number of each person for Safeway giving such notice, method of notice (whether oral or written), date and time of notice, identity of each recipient (for example, name, address, and telephone number of doctor called or other family member notified), and description of the substance of such notice.

Answer:

*See Exhibit 4, Plaintiff's First Set of Interrogatories and Request for Production, 9/9/05*

***(hand-served on Safeway's registered agent on 9/16/05).***

This is consistent with the pleadings in the case. Defendant has known all along that Plaintiff was trying to find out exactly who wrongly filled Ambien and/or failed to recheck what was filled in her medication bottle. Plaintiff Denise Gillen has complained all along that she could not obtain full records and information disclosure from Safeway. This was expressly alleged in the original Complaint filed in the Superior Court for the State of Alaska at Palmer.

The original state complaint stated, in part, as following:

4) Defendant Safeway, Inc. had a duty to carefully fill and dispense correct prescription medication for or to Plaintiff. Defendant admits that it breached this duty by mis-filling the proper prescription with an incorrect drug and then dispensing or delivering the incorrect drug to Plaintiff on Friday, September 17, 2004. **<u>On September 20, 2004, Defendant's agent, "Theresa" of Carrs Palmer Pharmacy, orally alerted Plaintiff's medical provider or providers as to the error that was made in medications.</u>**

17) Specifically, Plaintiff and her counsel, the Law Offices of Kenneth J.

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346 Fax: (907) 746-2340

Goldman, have encountered difficulties in attempts to release full and accurate pharmacy, DEA, and insurance records in the possession of or accessible to Defendant. If Defendant ever conducted records corrections within its own system, or within or sent to overlapping DEA and insurance authorities, then Plaintiff has not received copies of those records despite multiple written requests for same.

18) For example, in response to proper records release requests, Defendant supplied or was willing to supply records on the September 17, 2004 error only in the form of the attached one-page summary, **Exhibit 1 hereto**, for medications supposedly provided to Plaintiff for the period of January of 2004 through September 20, 2004. The run date on such Exhibit 1 summary was December 16, 2004, meaning no correction still had been or yet was made to patient records and/or expense records to candidly reflect the error. The record lists "Ultracet," and says nothing about "Ambien," in September of 2004, nor does it reflect any attempt to correct the record for known error, all despite Defendant's immediate awareness and admission that it filled the wrong drug.

19) Included as **Exhibit 2** hereto is a subsequent or sequential pharmacy prescription record for Ultracet that was correctly filled by Defendant on September 20, 2004, along with a refund made to Plaintiff and/or her insurer of $21.21 for the price of the previously and incorrectly dispensed Ambien. Attempts by Plaintiff and her counsel to obtain other records have been rejected by Defendant.

20) **Upon information and belief, Defendant terminated the employment of the pharmacy employee who bypassed what was believed to be a four-step protocol for checking accuracy of prescriptions. The name of the female employee is unknown to Plaintiff and her counsel, subject to identification in discovery. [emphasis supplied]**

*See Complaint, Filed 9/12/05, pp. 2, 7-9 (including as prayer for relief a request for corrective compilation and release of full and candid patient records compliant with HIPPA, DEA, and/or insurance standards)(emphasis supplied above).*

In Exhibit 12 hereto, Plaintiff's November 28, 2005 Initial Disclosures, Plaintiff Denise Gillen obviously still did not know the names of the pharmacy licensees who filled the wrong medication. There are likely plural pharmacy employees who together committed the error.

In Exhibit 13 hereto, Defendant's November 28, 2005 Initial Disclosures, received on

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346  Fax: (907) 746-2340

November 29, 2005 or less than two weeks before the December 12, 2005 pre-trial deadline to amend the complaint and to join additional parties (which deadline Plaintiff met), there occurred the very first "clue" or "inference" by Defendant Safeway as to which erring pharmacy licensees were or may have been inside the pharmacy.

By "clue" or "inference," Plaintiff means that Page 1 of Defendant's November 28, 2005 Initial Disclosures lists for the first time, "Teresa Heilig, Safeway, Inc.," in care of DELANEY WILES. In the "Notepad List," attached to the disclosures and provided to Plaintiff and her counsel for the first time, is an entry "from STeph Supervisor" for 09/24/2004, It was run thru com[puter, was scanned, & the next day when Theresa came in she inadvertently filled it w/ ambien instead of what was scanned which was utlracet." *Exhibit 13 hereto, Defendant's Initial Disclosures, 11/28/05.*

Three months later in the records, for an entry dating December 17, 2004, the same "Notepad List, has an unidentified supervisor, someone other than the person having a "discuss w/ Ron," to the effect, "Atty for pltf called & wants all records, Ron has sent RX records, I advised that the report was internal and we would not be able to produce it w/o a subpoena." *Exhibit 13 hereto, Defendant's Initial Disclosures, 11/28/05.*

Finally, there is among the recent defense disclosures a two-page handwritten summary, seemingly written by Teresa Heilig on September 22, 2004 ("9-22-04"), in which she talks about Denise Gillen calling her on "9-20- 04" to say "her pills looked different." Teresa Heilig "apologized profusely." *Exhibit 13 hereto, Defendant's Initial Disclosures, 11/28/05.*

It appears that at least one of the "John Doe" or "Jane Doe" individual pharmacy

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346 Fax: (907) 746-2340

licensees, based on Defendant's November 28, 2005 initial disclosures, may be but is not yet with certainty Teresa Heilig, a current employee. Nonetheless, to make sure there is good faith joinder by name instead of as "Jane Doe," this should be verified by Defendant outright answering Plaintiff's Interrogatory Number 1. Plaintiff does not want to hurry to sue the wrong person or persons, for example the pharmacy worker who happened to be on premises and who profusely apologized on behalf of the pharmacy when Plaintiff called in the news three days later that "the pills looked different."

Curiously, Page 2 of Defendant's Initial Disclosures, Exhibit 13 hereto listing the discoverable information per individual, does not expressly state or confirm that Teresa Heilig was the one who actually misfilled the prescription. Note, too, that there are supposed to be cross-check or multiple-step systems within a pharmacy to verify that the inserted medication is the right one, and this may involve other persons within the pharmacy besides or in addition to "Teresa." Plaintiff was under the impression that some other "woman" who gave her the wrong medication was "fired" from Safeway. Reading inferences from the November 28, 2005 defense disclosures, there may also be a male licensee, identified in Exhibit 13 hereto as "AJ Lorenz," who may have played a part as a potentially responsible individual.

Obviously, there is no substitute for Safeway just plain answering the interrogatories or identifying the individuals, rather than delaying disclosure even longer while trying to fight amendment and remand to state court. Plaintiff will substitute that name or those names provided by Safeway for "John Doe" and/or "Jane Doe" immediately, within a few days following receipt from Safeway, so that consolidated destructive testing of blood can proceed forthwith. Presumably, all individuals potentially liable for the error have an interest in united

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346  Fax: (907) 746-2340

destructive testing of Denise Gillen's blood in a single civil case.

## ARGUMENTS:

These arguments are presented under the same headings and in the same style as contained in Defendant Safeway's December 19, 2005 opposition brief so as to clash most directly.

## I.    THIS COURT SHOULD GRANT PLAINTIFF'S MOTION TO AMEND BECAUSE PLAINTIFF HAS DEMONSTRATED SHE IS ENTITLED TO RELIEF.

The gist of Defendant Safeway's argument at Pages 2 through 4 of the opposition brief seems to be its opinion that Plaintiff Denise Gillen cited too little law or too irrelevant law in simply citing to and relying upon Fed. R.Civ. P. 15 as authority for her original motion to amend the Complaint.    Defendant Safeway now wants to preclude Plaintiff Denise Gillen from citing any more law in this reply brief, on the basis that she should be estopped from doing so, no matter how many cases and statutes are cited in the opposition brief.

In short, this is an objection based on "form over substance." If Defendant Safeway wishes leave to file a supplemental opposition brief based on this reply, then Defendant is welcome to do so.  This would be more conducive to genuine resolution of the underlying issues, but it should be done in a speedy fashion given that destructive blood testing is time-sensitive and should include all affected parties.

In any event, Fed. R.Civ. P. 15 is indeed an adequate basis for amendment in these

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346 Fax: (907) 746-2340

circumstances.  Civil Rule 15 state, in controlling part, as following:

> (a) Amendments.  A party may amend the party's
> pleading once as a matter of course at any time
> before a responsive pleading is served or, if
> the pleading is one to which no responsive
> pleading is permitted and the action has not
> been placed upon the trial calendar, the
> party may so amend it any time within 20
> days after it is served.  Otherwise a party
> may amend the party's pleading only by
> leave of court or by written consent of the
> adverse party; **and leave shall be freely
> given when justice so requires.** *[emphasis supplied]*

*Fed. R.Civ. P.  15(a) (See also subparts (b) and (c) regarding, respectively, amendments to*

*conform to evidence and relation back of amendments).*

Of course, Defendant Safeway's opposition brief provides plenty of material to rebut

here in this reply.

## II.   THIS COURT SHOULD GRANT PLAINTIFF'S MOTION BECAUSE JOINDER IS APPROPRIATE UNDER FACTORS ESTABLISHED IN CASE LAW.

This section concerns Pages 4 through 6 of the opposition brief wherein

Defendant Safeway argues that the United States District Court should use its discretion under

28 U.S.C. Section 1447(e) to deny joinder.

Implicit in this argument is Defendant Safeway's assumption that the only and driving

reason that Plaintiff Denise Gillen is trying to amend her pleadings is to intentionally avoid

federal jurisdiction.   This assumes, too, *arguendo*, that it turns out to be one or more local

Alaska or non-diverse pharmacy workers (Teresa Heilig, perhaps, and/or other licensees) once

Safeway finally identifies precisely who it was that misfilled the medication.  Plaintiff Denise

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK  99645
Phone:  (907) 746-2346  Fax: (907) 746-2340

Gillen was under the impression, which may or may not be correct since it is based on rumor and "Valley word of mouth," that the female pharmacist, pharmacy technician or aide, or pharmacy intern (all licensed or authorized professions under administrative regulations in Alaska) was "fired" from her job due to the Year 2004 error, which could have significance for where the person was living and next working at the time this lawsuit was filed in the Palmer Courthouse in September of 2005.

At Page 4 of the opposition brief, Defendant Safeway cites *Winner's Circle of Las Vegas, Inc. V. AMI Franchising, Inc., 916 F.Supp. 1024, 1027 (D.Nev. 1996).* Interestingly, the United States District Court for the District of Nevada actually therein granted a motion for amendment to add claims against non-diverse defendants, requiring remand due to lack of diversity jurisdiction. Key to the holding in *Winner, supra,* was the reasoning that the facts underlying the amended claim for fraud and conversion against the non-diverse defendant were pled in the original complaint, and amendment merely added a new claim based on those same facts. The amendment arose out of the same transaction or occurrence and presented common questions of law or fact under F. R.Civ. P. 21. *Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc., 916 F.Supp. 1024 (D.Nev. 1996).*

In the same manner as in *Winner*, the amendment here to add individual pharmacy licensees, whether as "John Doe and/or Jane Doe" for now or soon to be substituted by fully identified name, is based on the same underlying facts as were pled in the original state complaint.

Applying the test enunciated at Page 4 of the opposing brief, pursuant to *Winner, supra,* courts consider four factors; i.e., 1. The extent to which joinder of a non-diverse party

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346  Fax: (907) 746-2340

is sought merely to defeat federal jurisdiction; 2. Whether the plaintiff has been dilatory in asking for amendment; 3. Whether the plaintiff will be significantly injured if amendment is not allowed; and 4. Any other factors bearing on the equities.

As to both the first and second factors, it is not credible that Plaintiff Denise Gillen is only seeking to defeat diversity jurisdiction and that she is dilatory. This is patently untrue. Plaintiff wrote about the unknown pharmacy licensees in her state court complaint. She filed the complaint in the small town of Palmer within literally less than two miles in radius of the Palmer pharmacy wherein the error was committed and a jury could conveniently be taken. Plaintiff accompanied service of such complaint with state-allowed interrogatories asking for the local licensees' identities and residences. **It cannot be said here that Plaintiff is behaving fraudulently to join invalid claims or parties, nor that she is acting with the sole or primary purpose to destroy diversity so as to remand the case. Improper motives should not be guessed at and imputed to Plaintiff Denise Gillen.**

As for the third factor, prejudice, this case is also similar to *Winner*, 916 F.Supp at 1028-29, cited by Defendant Safeway. It is prejudicial to Plaintiff Denise Gillen to litigate her claims against the individual pharmacy licensees in the separate forum of state court, including with duplicative discovery and a lack of undestroyed blood left for testing. The blood was just newly located, whereas right up until September of 2004 and filing of the state complaint it was formerly reported destroyed by the state laboratory and State of Alaska District Attorney. It makes no sense to destroy the blood in federal litigation, as is desired by Defendant Safeway, while leaving nothing left to test in a split-off state case against the pharmacy licensees who would presumably also want it tested. Nor can Plaintiff, a victim of

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346  Fax: (907) 746-2340

an admitted pharmacy error, be able to afford testing twice even if sample/specimen somehow survived what is expected to be a destructive process.

Further, it is only the individual pharmacy licensees who are responsible for filling the prescription drug order and who can be made to correct the erroneous or misleading pharmacy records. Corrective records were plainly sought among the remedies in the original state complaint. *See 12 Alaska Administrative Code Section 52.210, "Pharmacist duties" (requiring pharmacists to interpret a prescription drug order, to make a final check on all aspects of a completed prescription, and to assume responsibility for accuracy thereof); See 12 Alaska Administrative Code Sections 52.450 and 52.460 (respectively requiring a pharmacy to maintain records of prescription drug orders and, at time of dispensing, to add information on drug dispensed to prescription drug order); See Amber Rock Pharmacy, Inc. v. Axelrod, 490 N.Y.S.2d 783 (A.D.2Dept.1985)(finding supervising pharmacist had duty to make sure adequate records were kept).*

Conversely, Safeway's only apparent prejudice is that it loses its preferred federal forum, which is not an overriding concern according to *Winner,* stating in an analogous context, "The only prejudice AMI would suffer if the joinder of L&H is approved by the Court is the remand of the case to state court, away from AMI's preferred forum." *Winner*, 916 F.Supp at 1028-29.

Among the progeny of Shepherd and Westlaw citations of *Winner, supra*, is a series of unreported district court cases applying 28 U.S.C. Section 1447(e) as a discretionary standard for amendment and remand. These unreported cases were copied at the Anchorage Courthouse Law Library on December 30, 2005, and are attached and described here.

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346 Fax: (907) 746-2340

One of the subsequent negative citing references on *Winner*, *supra*, is *Chin v. Belfer, 2002 WL 31474189 (D.Or. June 19, 2002)*, as to which a copy of the case is attached as **Exhibit 18** hereto. Only the Westlaw citation is currently available, and it is not otherwise reported in the F.Supp.2d series.

The rationale of the United States District Court of Oregon was insightful here, explaining, "Where the proposed amendment would not be futile, would not unfairly prejudice the opposing party, and is not proposed in bad faith, denial of leave to amend constitutes an abuse of discretion." *Chin v. Belfer, 2002 WL 31474189 (D.Or. June 19, 2002), copy attached as **Exhibit 18** hereto (dealing with proposed amendment eliminating conceivable federal claim)*.

Even in another of the cases cited by Defendant Safeway at Page 5 of its opposition brief, specifically *Boon v. Allstate Ins. Co., 229 F.Supp.2d 1016 (C.D.Cal. 2002)*, the rule is that the "standard for permitting post-removal joinder is met when failure to join will lead to separate and redundant actions, but is not met when defendants sought to be joined are only tangentially related to cause of action or would not prevent complete relief."

Incidentally, Defendant Safeway seems to be contemplating the proposed addition of the pharmacy licensees as "necessary" parties under F. R.Civ. P. 19. This is accurate, because in the absence of joinder of the individual licensees Plaintiff could not obtain records correction under state standards incumbent upon licensees. Destructive testing of recently found blood samples in federal court would impair those licensees' abilities to protect their interests in any split-off state litigation.

Denise Gillen's Reply on Motion to Amend Complaint                                                 Page 20
*Gillen v. Safeway, Inc., Case No. A05-234 CV (RRB)*

Per *Boon v. Allstate Ins. Co., 229 F.Supp.2d 1016, 1022 (C.D.Cal. 2002)*, the case cited by Defendant Safeway at Page 5 of its opposition brief, although courts consider whether a party would meet the Rule 19 standard for a necessary party, amendment under Section 1147(e) is less restrictive for joinder. The standard is met when failure to join will lead to separate and redundant actions. *See also Massaro v. Bard Access Systems, Inc., 209 F.R.D. 363 (E.D.Pa. 2002)(interfacing the amendment issue with Civil Rules 19, 20, and 28 on permissive joinder, and nonetheless finding that joinder and remand would be equitable and promote judicial economy).*

In checking the Shepherd's citation system on *Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987)*, a case cited by Defendant Safeway at Page 5 of its opposition brief, Plaintiff's counsel did find two federal district court cases in which amendment was allowed. These were *Jackson v. Wal-Mart Stores, Inc., 2003 WL 22533619 (E.D.La. November 6, 2003)(copy thereof attached as **Exhibit 19 to this reply brief**)*, and *Town of Gordon v. Great American Ins. Co., Inc., 331 F.Supp.2d 1357 (M.D.Ala. 2004)(allowing amendment and remand where amendment  was directed toward inclusion of proper claims after impleading of new party, rather than to exclusion of federal jurisdiction).*

In *Town of Gordon, supra*, it is stated that federal court jurisdiction is limited. The Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *Town of Gordon v. Great American Ins. Co., Inc., 331 F.Supp.2d 1357 (M.D.Ala. 2004).*

In the case at bar, Plaintiff Denise Gillen timely filed her motion for amendment on the December 12, 2005 pretrial deadline. This is like *Jackson v. Wal-Mart Stores, Inc., 2003*

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346 Fax: (907) 746-2340

*WL 22533619 (E.D.La. November 6, 2003)(copy thereof attached as **Exhibit 19 to this reply**

**brief.)***  The Eastern District of Louisiana therein allowed amendment to substitute an

individual and non-diverse employee, previously identified as "Jane Doe," whose actual

name was identified in discovery. There was recited a Fifth Circuit rule that a motion for

leave to amend under Rule 15(a) should not be denied unless there would be substantial

reason.  The federal court reasoned later in its opinion that as long as the plaintiff stated a

valid claim against the new defendant, the principal purpose was not to destroy diversity

jurisdiction.  About the individual employee's liability, there was discussion of the corporate

employer's delegation of a duty of care to the employee that was breached through the

employee's personal fault.  *See Jackson v. Wal-Mart Stores, Inc., 2003 WL 22533619

(E.D.La. November 6, 2003)(copy thereof attached as **Exhibit 19 to this reply brief**

(concluding that the better course was to have all potentially liable parties in one

proceeding).*

As for *Lutz v. First Financial Insurance Company, Inc.*, *No. A04-0229 CV (D. Alaska

June 23, 2005)(the Honorable James K. Singleton, Jr. presiding),* cited at Pages 5 through 6

of Defendant Safeway's opposition brief, it is difficult to tell from the face of the Order

precisely what factual circumstances and pre-trial schedule were in place.  Undersigned

counsel for Plaintiff Denise Gillen could not "pull it up" on the Westlaw citation system

without going into the federal courthouse to review the files.  Yet, the order in the case on its

face does appear inapplicable in so much as the insurance adjuster, as to whom the plaintiff

attempts amendment and joinder, is classified as neither an indispensable party nor a

necessary party under Civil Rule 19.  The *Lutz* case also clearly involves something not true

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346  Fax: (907) 746-2340

in the case at point; i.e., the *Lutz* case is said to be capable of being easily resolved without the

adjuster (proposed new defendant) as a party.

The unpublished *Lutz* order internally references *Newcombe v. Adolf Coors Co., 157*

*F.3d 686, 691 (9th Cir. 1998)*. However, a follow-up Shepherd's or West Keynote search on

*Newcombe v. Adolf Coors Co., supra*, produces the citation of *Miller v. United Air Lines,*

*2001 WL 823815 (N.D.Cal. 2001)*, copy attached as **Exhibit 20** hereto.

On motion for amendment by the plaintiff, which was allowed, the United States

District Court for the Northern District of California stated, as following:

> First is the issue of delay. While, on this record, the request
> for amendment could have been made more expeditiously, the
> time between removal and the motion seeking amendment
> does not reflect the kind of delay that, in the Court's exercise
> of discretion, should compel denial of the motion. Except for
> a case management conference, no proceedings have occurred
> in this Court. A trial date is set, which is approximately a year
> from now. Therefore, the Court finds that delay does not support
> the denial of the Plaintiff's motion.

*Miller v. United Air Lines, 2001 WL 823815 (N.D.Cal. 2001)(*copy attached as **Exhibit**

**20**)(also discussing viability of claims against individual tortfeasing employees or supervisors

in harassment context).

Plaintiff Denise Gillen and Defendant Safeway have no trial date yet. Except for a

pre-trial scheduling order (which Plaintiff met for the amendment deadline), there is no other

proceeding or order in the matter.

As a practical issue, Plaintiff Denise Gillen would have a hard time correcting the

records errors and destructively testing the blood without the pharmacy licensees being

parties. To split actions would be the same as to reward Defendant Safeway for its non-

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346 Fax: (907) 746-2340

disclosure of full records and the identities of erring employees.    Plaintiff met the pre-trial

deadline for amendment.    Even now, to fight so much over joining "John Doe and/or Jane

Doe" is ridiculous and short-sighted, because identification of the person(s) by name(s) would

be more judicially efficient and appropriate so as to determine their diversity and substitute

them for fictitious parties.

### A. PLAINTIFF HAS TIMELY SOUGHT AMENDMENT TO INCLUDE "JOHN DOE" AND/OR "JANE DOE" BECAUSE DEFENDANT SAFEWAY HAS NOT DISCLOSED, DESPITE EARLY ATTEMPTS, THE NAMES OF THE PHARMACY LICENSEES WHO ERRED IN FILLING PRESCRIPTIONS.  THERE ARE SEVERAL VIABLE CLAIMS AND PURPOSES FOR THE AMENDMENTS WHICH HAVE NOTHING TO DO WITH DEFEATING FEDERAL DIVERSITY JURISDICTION.

This section of the reply deals with Pages 6 through 8 of the opposition brief.

As argued above, Defendant Safeway should not assume motivations on the part of

Plaintiff Denise Gillen.  Over and over again, Defendant cites cases on denial of amendment

after removal where the plaintiff is seeking to join non-diverse parties "merely to defeat

jurisdiction."

Again, Plaintiff Denise Gillen referenced the unknown pharmacy employees in her

original state complaint, and she served an early interrogatory with the complaint in an

attempt to identify the employee or employees.  To date, this information is still withheld by

Defendant Safeway, although it is the only one which would internally hold the information.

There is a sufficient explanation for the delay.  Complete recovery is not possible in the

absence of the proposed pharmacy licensees.

More critically, there is a bootstrapped or unsupported defense argument at Page 7 of

the opposition brief, that as best as Plaintiff's counsel understands it, is to the effect that

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346  Fax: (907) 746-2340

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346  Fax: (907) 746-2340

Plaintiff cannot name the "pharmacists involved in the mistaken filling of the prescription," unless Plaintiff can and does prove they were acting outside of the scope of their employment. Plaintiff's counsel sees no law or precedent cited there, though, that bars individual pharmacists or pharmacy employees from being joined just because they may have been acting within the general scope of their professional employment when making a medication mistake. Somehow, Defendant Safeway thinks that just because it now admits to dispensing Ambien (sleeping pills), this automatically bars Plaintiff Denise Gillen from also suing the pharmacy licensees who did it. The language at Page 7 of the opposition brief refers to "pharmacists," in the plural form, thereby leading Plaintiff to wonder if Teresa Heilig is only one of several, or for all Plaintiff has received for information she is even none at all, among the pharmacy technicians or licensees who actually committed the breach. At any rate, Plaintiff knows of no rule of law in Alaska prohibiting her from suing Safeway's licensed pharmacy employees as additional defendants unless and until she can prove their actions were outside of the scope of employment.

Incidentally, Plaintiff finds irony at that point where Defendant Safeway argues at Page 7, "At this early stage in discovery, plaintiff could not have determined somehow that a Safeway pharmacist was acting outside the course and scope of his duty, especially when he was attempting to dispense the drug plaintiff sought from Safeway." A timely interrogatory answer identifying the pharmacy licensee(s) would have been enough discovery to add into the case those erring individual(s) in this obvious negligence situation. Still, this feels like a "cannot win" situation. Plaintiff supposes that had she waited any longer to move for amendment, then Defendant would have said she had waited too long. As it is, Defendant

Safeway seems to be arguing both ends, meaning its contradictory views that Plaintiff should have moved to amend earlier but that Plaintiff has not done enough discovery to so move yet.

It is hard to believe that naming "John Doe and/or Jane Doe" as fictitious parties at onset of the state litigation, with or without the unanswered interrogatory identifying pharmacy licensee(s), would have put Defendant Safeway or the unknown/undisclosed licensee(s) on any higher level of notice. If anyone has been dilatory in this case, then it was and is Defendant Safeway which radiates an unwillingness to give complete records and to identify the individuals involved in the errors.

**It is noteworthy, as well, that if Plaintiff Denise Gillen had gone through the nice exercise of naming "John Doe and/or Jane Doe" when initially filing suit in state court in September of 2005, then for federal removal purposes the citizenship of defendants sued under fictitious names would have been disregarded anyway.** *See Casas Office Machines v. MITA Copystar America, 42 F.3d 668, 673 (1st Cir. 1994) (citing 28 U.S.C. Section 1441(a)(1988)).*

**B. THIS COURT SHOULD GRANT PLAINTIFF'S MOTION BECAUSE DENYING PLAINTIFF'S MOTION WILL INDEED PREJUDICE PLAINTIFF AS WELL AS PREJUDICE THE INDIVIDUAL PHARMACY LICENSEES, WHO DEFENDANT WOULD LIKE TO SPLIT INTO STATE COURT, BY VIRTUE OF EXCLUSION FROM DESTRUCTIVE BLOOD TESTING IN A SINGLE CIVIL CASE. DEFENDANT SHOULD BE ESTOPPED BY VIRTUE OF ITS NON-DISCLOSURE OF THE INDIVIDUALS' IDENTITIES AND RECORDS.**

This section of the reply relates to Pages 8 through 10 of the opposition brief.

Defendant Safeway appears focused on an end-result, meaning whether or not there will be remand.

Denise Gillen's Reply on Motion to Amend Complaint                                    Page 26
*Gillen v. Safeway, Inc., Case No. A05-234 CV (RRB)*

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346 Fax: (907) 746-2340

A subsequent citation of *Bevel v. American States Ins. Co., 100 F. Supp.2d 1309*

*(M.D.Ala. 2000)*, relied upon by Defendant Safeway at Page 8 of the opposition, is *Jones v.*

*Rent-A-Center East, Inc., 356 F.Supp.2d 1273 (M.D.Ala. 2005)*. In *Jones, supra*, amendment

was allowed. Like here with Plaintiff Denise Gillen's compliance with pre-trial deadlines, the

district court reasoned, as below:

> The motions filed by the Plaintiffs were well within
> the time allowed by the Scheduling Order to file an
> amendment to the complaint, and were well within the
> time agreed to by the Defendant in the Report of Parties'
> Plainning Meeting to join additional parties. See Doc. #8
> At 4; Doc. #9 at Section 4. The court concludes, therefore,
> that the Plaintiffs' motions are not dilatory and that the
> second *Hensgens* factor weighs in favor of allowing the
> amendment.

*Jones v. Rent-A-Center East, Inc., 356 F.Supp.2d 1273 (M.D.Ala. 2005)(discussing the factor*

*whether the plaintiff therein was dilatory in seeking amendment).*

On the point of prejudice, this case is only now removed to federal court because

Defendant Safeway took advantage of removal while abstaining from answering an

interrogatory, overdue by November of 2005, which would have, if fully answered then or

now, served to identify the individual defendants and their residences. Plaintiff Denise Gillen

would be prejudiced if amendment is disallowed. She was and is a pharmacy malpractice

victim. She would bear the burden of splitting actions between federal and state courts and of

duplicating lawsuits, discovery, and trials based on the same nucleus of facts.

The most troubling aspect is that litigation cannot be genuinely duplicated in the two

forums because destructive blood testing is only available once and, further, because the

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346  Fax: (907) 746-2340

individual pharmacists/licensees are the only ones who can and must keep and correct the records under state regulations.

For the sake of clarity, Plaintiff also wants to point out that at Footnote 1, Page 9 of the opposition brief, Defendant leaves a very pregnant but also very erroneous statement which, if taken at face value as true (it's not true), would lead the district court to believe that Plaintiff Denise Gillen's blood was tested for Ambien which resulted in negative detection. This is not true. To counsel's best awareness, Ambien was never tested at all in follow-up to Plaintiff Denise Gillen's arrest, and Ambien still needs to be tested. It may, upon testing, demonstrate no Ambien. This can be explained by the property of Ambien to dissipate over time in stored/frozen blood samples, per Exhibit 17 hereto (statement of Clinical Chemist and Toxicologist Eileen Nickoloff, Ph.D.).

Still, Plaintiff is in unity of interest with Defendant Safeway on testing in so far as they both would like to privately test the blood samples as soon as possible, just in case trace or residual amounts of Ambien have not so fully dissipated that they could still be detected on a screen now. The misplaced blood samples were not found by the public laboratory until after the state litigation was filed in Palmer, Alaska. To test the blood now involves thawing and destruction at a private laboratory in Pennsylvania to which Plaintiff and Defendant Safeway have already agreed for use for the purpose. It is a key juncture to include individual pharmacy licensees.

Thus, it is totally untrue and misleading for Defendant to footnote at page 9, "No Ambien was found in plaintiff's system and plaintiff had a significant amount of THC in her system." Ambien was never tested one way or the other. Plaintiff's counsel already objected

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346 Fax: (907) 746-2340

to this sort of language in discussing the terms of destructive testing. Even so, assuming that THC did correctly detect positive in state laboratories before the criminal case for DUI against Plaintiff Denise Gillen was dismissed out, this would make all the more reason, and not less reason, that individual pharmacists and the corporate employer should be united in destructive blood testing of the stored samples for every chemical or drug applicable within a single civil case. Plaintiff Denise Gillen readily admits that she has legally smoked marijuana, but she disputes that this was a cause or factor in her impairment which occurred when she took Ambien, thinking it was Ultram, while driving her vehicle in Year 2004. Destructive testing is something desired or likely desired by all interested parties.

### C. **THIS COURT SHOULD GRANT PLAINTIFF'S MOTION BECAUSE THE BALANCE OF EQUITIES FAVORS GRANTING PLAINTIFF'S MOTION.**

If the district court does split off the pharmacy licensee(s) from Defendant Safeway, for tandem federal and state lawsuits, then Plaintiff will need guidance or instruction on how to handle the destructive testing procedure. This would essentially reward Defendant Safeway, too, for "stalling" in answering the discovery, served with the original complaint, whereby identification of the licensee(s) would or should have occurred by now.

This situation is similar to one in which the District Court of Alabama recently balanced the equities in favor of the moving plaintiff, as stated below:

> Although RAC argues that the Plaintiffs are free to sue
> Rolfsen and Atkins in a separate suit in state court, two
> suits would cause the Plaintiffs to bear the expense of
> maintaining parallel suits, including discovery costs and

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346   Fax: (907) 746-2340

time, and also would result in a lack of judicial economy.

*Jones v. Rent-A-Center East, Inc., 356 F.Supp.2d 1273, 1277(M.D.Ala. 2005)(discussing the factor on balance of the equities).*

### CONCLUSION

Still and continuously without identifying the individual pharmacy licensee(s) or answering a long-served interrogatory aimed at such identification, Defendant Safeway asks the district court to believe that the unknown individual(s) are local, non-diverse employees living within the State of Alaska. This bootstraps identification, of course. It also bootstraps the employment issue, because for all Plaintiff Denise Gillen knows the unidentified pharmacist(s) or licensed technician(s) who physically made the mistake were independent contractors. To deny amendment based on Safeway's avoidance of disclosure is inequitable. Excluding the regulated pharmacy licensee(s) from one united forum is the same as denying destructive blood tests to the late-comers in a split-off action, and it is also the same as to deny Plaintiff Denise Gillen's requested relief for corrective pharmacy records.

Again, Ambien was never tested, and therefore it neither detected positive or negative. However, it dissipates over time, and both sides would like it tested as soon as possible, along with testing for other drugs. Thawing and destruction of the frozen blood is necessary. The pharmacy licensee(s) may hold an interest.

Really, to amend to include "John Doe and/or Jane Doe" is incomplete, too, since the whole process will have to be repeated at the point (hopefully soon) that Safeway either voluntarily or by compulsion identifies the erring pharmacy licensee(s). One wonders if

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346 Fax: (907) 746-2340

Defendant Safeway will again object at that point when Plaintiff seeks, predictably, to substitute "John Doe and/or Jane Doe" as named people. Based on the newly received November 28, 2005 defense initial disclosures, Plaintiff thinks that Teresa Heilig may be one of the erring pharmacy licensee(s), but this is not certain until Defendant Safeway answers the outstanding interrogatory about who physically filled Ambien in the Ultram bottle. Had Plaintiff named "John Doe and/or Jane Doe" as fictitious parties at the outset, this exercise begs the question how this would have placed Defendant or the licensee(s) on any more or higher notice anyway. There is already tell-tale language in the original complaint foreshadowing individual liability of the unknown licensees. Ironically, even now with all of this briefing, "John Doe and/or Jane Doe" are fictions who without candid disclosure of their actual names and residences make it hard to measure diversity of citizenship or remand requirements.

In any event, language is replete throughout the original state complaint about the underlying core of facts giving rise to the claims. Plaintiff Denise Gillen made it clear she did not know yet who made the mistake. However, she also made it clear that receiving only one page of pharmacy records, and even then receiving within that one page only limited data silent about Ambien, required relief at least in the form of corrective records. The interrogatory itself is unambiguous, and yet is remains unanswered or undisclosed even through this briefing cycle.

Plaintiff filed her motion for amendment in compliance with the pre-trial deadlines. The motion was timely. It was a logical outgrowth of the language in the first (state) complaint, language in her ten interrogatories (served with the first complaint), and recent

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346   Fax: (907) 746-2340

factual circumstances.  Lost or reportedly destroyed blood was found at about the same time

as a THC screen was located, all after filing of the state complaint even though the surfacing

items related back to Year 2004.  Initial disclosures, exchanged on November 28, 2005,

presented the first Safeway production of records ever on mis-dispensation of Ambien, but

they still fell short of frankly identifying who mis-filled the prescription by physically

inserting the wrong medication into the bottle.

Amendment is appropriate.  It is not a surprise.  The purpose is not to defeat diversity

jurisdiction, although the byproduct or result of the motion, if granted, is necessarily a

remand.

Dated this 4th day of January, 2006 in Palmer, Alaska.

Elizabeth N. Smith
Attorney for Plaintiff Denise Gillen
Alaska Bar No. 9402003

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK  99645
Phone: (907) 746-2346   Fax: (907) 746-2340

I certify a copy of the foregoing was *and exhibits*
☑ mailed ☐ faxed ☐ hand delivered
to Cynthia Ducey
on 1-4-06 Initials ES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

DENISE FAYE GILLEN,                )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )
                                   )
SAFEWAY, INC.,                     )
                                   )
        Defendant.                 )      Case No. A05-0234CV (RRB)

**TABLE OF CONTENTS - EXHIBITS**
**(TO REPLY ON PLAINTIFF'S MOTION TO AMEND COMPLAINT)**

1   Affidavit of Denise Gillen

2   Carrs pharmacy 12/16/04 correspondence and records

3   Correspondence to Carrs Pharmacy 12/16/04

4   Washington State Toxicology Laboratory report and DA fax

5   Plaintiff's First Interrogatories and Requests for Production

6   Proof of Service

7   Correspondence to Carr's Pharmacy 9/27/2005

8   Correspondence from attorney Ducey 9/29/05

9   Correspondence from Carrs pharmacy 10/18/05 with records

10  Correspondence to attorney Ducey 11/3/05

11  Faxes to attorney Ducey

12  Plaintiff's Combined Initial Disclosures and Preliminary Witness List

13  Defendant's Initial Disclosures

14  Consent to Release of Blood Samples for Further Testing in Civil Litigation

15  Correspondence from attorney Ducey 12/12/05

16  Affidavit of Counsel

17  Correspondence from Dr. Eileen Nickoloff

18  Chinn v. Belfer, et al, Case No. 02-00131ST

19  Jackson v. Wal-Mart, Case No. A03-2184

20  Miller v. United Airlines et al, Case No. C01-00035MJJ

Law Offices of
**Kenneth J. Goldman, P.C.**
550 S. Alaska Street Ste 4-5
Palmer, AK  99645
Phone: (907) 746-2346    Fax: (907) 746-2340