IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT PALMER

| | |
|---|---|
| DENISE FAYE GILLEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SAFEWAY, INC., ) <br> ) <br> Defendant. ) <br> _____) | Case No. 3PA-05-_____CI |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

The Plaintiff, by and through the Law Offices of Kenneth J. Goldman, P.C., and pursuant to Rules 26, 33 and 34, Alaska Rules of Civil Procedure, hereby propounds to Defendant the following, to be answered and produced separately and fully, in writing, under oath and in accordance with the Rules cited above, within thirty (30) days of the date of service. Please serve the response to the interrogatories and request for production on Plaintiff's attorney at 550 S. Alaska Street, Ste 4-5 Palmer, Alaska 99645.

**I.**     **GENERAL INSTRUCTIONS**

In answering these interrogatories, furnish all information which is available to you, including information in the possession of your assignors, agents, employees, representatives, accountants, physicians, counselors and all others from whom you may obtain it, including information in the possession of your attorneys or investigators for your attorneys, and not merely such information known of your personal knowledge. You are obligated to exercise due diligence to secure the information necessary to answer the following interrogatories and requests for production in full.

Where the answers are based on the statements of others and do not represent your personal knowledge, explicitly so indicate, naming the person or persons, firms or companies relied upon.

If you cannot answer in full, please answer to the extent possible, stating the reasons for your inability to answer more fully and stating whatever information or knowledge you have concerning the unanswered portions. If you assert that a response, requests, materials, or information not properly discoverable, answer or provide as much information or documentation as you feel is required, stating what other materials or information exists and what the basis is that you assert justifies your failure to produce or answer in full.

It is not intended that these interrogatories require the disclosure of any information that is protected against disclosure as work product of attorneys or information protected by privilege, although the right is reserved to move for disclosure thereof. Accordingly, whenever information requested herein is claimed to be protected against disclosure as (work product) or "privileged" and is withheld on that ground, please provide a written response with the following information: (1) a description of the information sufficiently particular to identify it and to enable you to identify, disclose or produce it in response to an order of the court; (2) the exact nature of the protection claimed; and (3) a list of all persons with knowledge of the information.

If an act, event, transaction, occasion, instance, matter, course of conduct, course of action, person or document is mentioned or referred to in response to more than one of these interrogatories, you need not completely identify and describe it of him/her in every such instance, provided you supply a complete identification in one such instance and in each other

Law Offices of
Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346   Fax: (907) 746-2340

such instances make a specific reference to the place in the answers to these interrogatories where it is fully identified and described.

These discovery requests are <u>continuing in nature</u>. This means that if you or your agents receive information that would supplement or alter your interrogatory or documents responsive to production requests subsequent to your answer to this discovery packet being filed, that subsequent information must be served immediately upon undersigned attorneys, explaining the reason why it was not provided timely. Similarly, if you subsequently believe that you have erroneously answered an interrogatory or produced documents in error, you must correct it immediately explaining the reason for the correction.

1. **Documents Lost, Destroyed, or No Longer in Possession**. If any or all documents identified herein are no longer in your possession, custody, or control because of destruction, loss or any other reason, then do the following with respect to each and every such documents:

   a. Describe the nature of the document (e.g., letter, note, memorandum, etc.);

   b. State the date of the document;

   c. Identify the persons who sent and received the original and any copy of the document, stating what knowledge that person is believed to have;

   d. State in as much detail as possible the contents of the document; and

   e. State the manner and the date of the loss, destruction or other disposition of the document.

2. **Privilege of Work-Product Contentions**: If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of the attorney-

Law Offices of
Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346   Fax: (907) 746-2340

client privilege, the work-product doctrine, or other ground, then do the following with respect to each and every documents:

    a. Describe the nature of the document (e.g., letter, note, memorandum, etc.);

    b. State the date of the document;

    c. Identify the persons who sent and received the original and any and all copies of the document;

    d. Identify any and all persons with knowledge or whomever you expect have knowledge of the document;

    e. State the subject matter of the document; and

    f. State the basis upon which you contend you are entitled to withhold the document from production.

## II. GENERAL DEFINITIONS

Unless conclusively negated by the context of the questions, the following definitions are to be considered applicable to all discovery requests contained in this pleading.

**"Asset"** and/or **"asset/liability"** includes but is not limited to: (a) real estate; (b) bank accounts; (c) stock and securities; (d) insurance policies; (e) interests, ventures and businesses; (f) motor vehicles; (g) mortgages; (h) boats, airplanes, and other recreational vehicles; (i) pension and profit sharing and all other employee benefit plans; (j) trust funds; (k) casualty claims or lawsuits; (l) personal property; (m) sports and hobby equipment; (n) horses or other animals; (o) leases; (p) tax shelters; (q) receivables; (r) jewelry; (s) cash; (t) furniture; (u) art; (v) antiques; (w) precious metals and coins; (x) prizes and gambling awards.

Law Offices of
Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346   Fax: (907) 746-2340

A. **"Communication"** means any transfer of information, ideas, opinions, or thoughts by any means, at any time or place, under any circumstances, and is not limited to transfers between persons, but includes other transfers, such as records and memoranda to file.

B. **"Describe"** means to specify in detail and to particularize the context of the answer to the question and not just to state the reply in summary or outline fashion.

C. The term **"document"** as used herein is to be defined in its broadest sense to include any and all manner of written, typed, printed, reproduced, filmed or recorded material, including that contained on computer disks or hard drives, and all photographs, pictures, plans or other representations of any kind of anything pertaining, describing, referring or relating, directly or indirectly, in whole or in part, to the subject matter of each request, and the term includes, but is not limited to, the following:

1. All papers, books, journals, ledgers, reports, test results, statements, memoranda, invoices, worksheets, work papers, notes, transcriptions of notes, letters, correspondence, abstracts, checks, check registers, or categorizations, account statements, deposit and withdrawal records, credit card statements, diagrams, plans, blueprints, specifications, pictures, drawings, films, photographs, graphic representations, diaries, calendars, desk calendars, pocket calendars, lists, logs, publications, advertisements, instructions, minutes, orders, messages, resumes, applications, summaries, agreements, contracts, telegrams, telexes, cables, recordings, audio tapes or recordings, video tapes or recordings, postcards, handwritten notes, purchase orders, receipts, periodicals, circulars, notices, pamphlets, records, studies, telephone reports, notepads, interoffice and personal interviews, interoffice communications, schedules, data sheets, questionnaires, pleadings, including all preliminary notes and drafts in whatever form (e.g., printed, typed, longhand or shorthand on paper, tape cards, ribbon, microfilm, film, or other form), or other non-identical copy (whether different from the original because of notes made upon such copy or otherwise), however and by whomever produced or reproduced, or any other writings or tangible things on which exists any handwriting or typing, appraisals, letters of opinion, etc.

   a) Originals, all file copies, an all other copies of any of the foregoing; and

   b) All drafts and notes (whether handwritten typed, or otherwise) made or prepared in connection with such documents, whether used or not.

Law Offices of
**Kenneth J. Goldman, P.C.**
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346   Fax: (907) 746-2340

ATTACHMENT/EXHIBIT 5
PAGE 5 OF 20

*Gillen v. Safeway Inc.*
Plaintiff's First Set of Interrogatories and Request for Production

D. **"Identify"** means that whenever you are asked the identity of or to identify a person, please state with respect to each such person: (1) his/her name; (2) his/her current business affiliation and title and the nature of your personal relationship; (3) his/her current business and residential address and phone numbers, or if that be unknown, his/her last known business and residential address and phone numbers; (4) the business affiliation or entity with which he/she was associated and the capacity in which such person acted in connection with the subject matter of this interrogatory, and the personal relationship which constitutes his/her involvement/relationship to this case, and (5) whether such person has given you a statement in writing, or in any other tangible or permanent form, which in any way bears upon or relates to the subject matter of this interrogatory, to the facts alleged in the complaint or answer, and to the subject matter of this case. Once a person has been thus identified in an answer to an interrogatory it shall be sufficient thereafter when identifying that person merely to state his or her full name.

Whenever you are asked the identity of or to identify a document, whenever you refer to a document, or whenever your answer to an interrogatory contains a reference to a document, please state with respect to each such document: (1) its nature, e.g., letter, memorandum, photograph, etc.; (2) its title or designation; (3) the date it bears; (4) the name, title, business affiliation/or personal relationship, and address of the person preparing it; (5) a statement of the subject and substance of the documents; (6) a precise description of the place where such document is presently kept, including (a) the title or the description of the file in which such document would be found, and (b) the exact location of such file; (7) the name, title, business or personal affiliation and address and phone number of each person who presently has custody or control of such document; and (8) whether you claim any privilege as

ATTACHMENT/EXHIBIT __5__
PAGE __6__ OF __20__

*Gillen v. Safeway Inc.*                                                                                              Page 6
Plaintiff's First Set of Interrogatories and Request for Production

to such document, and if so, a precise statement of the facts upon which said claim of privilege is based. If any document was, but is no longer in Defendant's possession, custody or control, the answer shall state the disposition that was made of it, the reason for such disposition and the date thereof.

With respect to real property, provide legal description and street address.

E. The term **"interest in"** means more than a possessory or ownership interest. The term when used in reference to assets and liabilities includes but is not limited to, items you have an equitable interest in, items you share with others, items held by a business or other entity in which you participate, items you have a beneficial or contingent interest in, etc. When your answers include reference to an asset or liability in which you have other than ordinary ownership, please indicate and describe fully.

F. **"Person"** means any natural person, corporation, partnership, unincorporated association, or other form of legal entity. Whenever an interrogatory elicits the name of a person, and it is claimed that one or more other persons are affected by reason of an agency or employment relationship between the first-named person and the other person or persons, state such fact, and also identify each such other person.

G. The term **"relates to"** means constitutes, contains, embodies, reflects, identifies, states, refers to, deals with or is in any way pertinent to.

H. **"Representative,"** unless indicated otherwise, shall include past and present agents, servants, and employees.

I. **"Statement"** means any oral, written, stenographic, or recorded declaration of any kind or description.


ATTACHMENT/EXHIBIT 5
PAGE 7 OF 20

J.  **"You"** and **"your"** means you individually and in all functions, such as parent, investor, partner, corporate officer, director or other capacity, or any agents or employees acting on your behalf for the purposes covered by these interrogatories.

K.  Unless otherwise specified, the time period covered by these interrogatories and to be covered by your answers is from the previous five (5) years to the date of your answers to these interrogatories.

L.  The singular gender and the masculine gender as used herein shall embrace, and be read and applied as, the plural or the feminine or neuter, as circumstances may make appropriate.

**Important:** *Please read the instructions and definitions to these Interrogatories and Requests for Production. They contain information important to your ability to fully provide complete and satisfactory answers. Your failure to comply therewith will result in a Motion to Compel.*

### III.  INTERROGATORIES

Each Interrogatory has been typed so that room is provided for your answer. Use additional pages if necessary.

Law Offices of
Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346   Fax: (907) 746-2340

ATTACHMENT/EXHIBIT 5
8 OF 20

*Gillen v. Safeway Inc.*                                                                 Page 8
Plaintiff's First Set of Interrogatories and Request for Production

**Interrogatory No. 1:** Please state the full name, residential address, and telephone number of each pharmacy employee who actually filled or physically dispensed Ambien, instead of the prescribed Ultracet or Ultram, to or for Denise Gillen on or about September 16 or September 17, 2004.

Answer:

Law Offices of
Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346   Fax: (907) 746-2340

ATTACHMENT/EXHIBIT 5
PAGE 9 OF 20

*Gillen v. Safeway Inc.*
Plaintiff's First Set of Interrogatories and Request for Production

Page 9

**Interrogatory No. 2:** Please state the chemical/generic name, brand/pharmaceutical name, number of pills or tablets, and potency/strength of the Ambien actually filled or physically dispensed, instead of the prescribed Ultracet or Ultram, to or for Denise Gillen on or about September 16 or September 17, 2004.

Answer:

Law Offices of
**Kenneth J. Goldman, P.C.**
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346   Fax: (907) 746-2340

ATTACHMENT/EXHIBIT 5
PAGE 10 OF 20

**Interrogatory No. 3:** Please state the chemical/generic name, brand/pharmaceutical name, number of pills or tablets, color of tablets (whether pink, yellow, white, or other color), and potency/strength of the drug or medication which was in fact <u>prescribed</u> for Denise Gillen and which <u>should</u> have been actually filled or physically dispensed to or for Denise Gillen on or about September 16 or September 17, 2004.

Answer:

Law Offices of
Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346   Fax: (907) 746-2340

ATTACHMENT/EXHIBIT 5
PAGE 11 OF 20

*Gillen v. Safeway Inc.*                                                                                       Page 11
Plaintiff's First Set of Interrogatories and Request for Production

**Interrogatory No. 4:** State the physical address, current telephone number, and full name of person (or each person) in current custody of those Carr's or Safeway pharmacy records which show, or would show, the mis-filling of a prescription, Ambien for Ultracet or Ultram, and any corrective records, actions, and billings thereafter, to or for Denise Gillen on and after September 16, 2004 through present.

Answer:

Law Offices of
Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346   Fax: (907) 746-2340

ATTACHMENT/EXHIBIT 5
PAGE 12 OF 20

**Interrogatory No. 5:** State whether Safeway ever notified, re-billed, corrected, credited, or otherwise in any way communicated with, orally or in writing, Denise Gillen's health and prescription medical expense insurer on the difference between the Ultracet or Ultram prescription, as listed in Exhibit 1 of the Complaint for September 16, 2004, and the Ambien actually dispensed to Denise Gillen on September 16 or 17, 2004. If so, state the date, nature, method (whether oral or written), and name of each person involved in such communication between Safeway and the insurer.

Answer:

Law Offices of
Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346    Fax: (907) 746-2340

ATTACHMENT/EXHIBIT 5
PAGE 13 OF 20

**Interrogatory No. 6:** If Safeway disagrees with Denise Gillen that the pharmacy mis-dispensed or negligently mis-filled Ambien for Ultram or Ultracet on September 16 or 17, 2004, then state the exact factual basis for such disagreement together with the name, address, and telephone number of each person with personal knowledge of such facts or bases for disagreement.

Answer:

Law Offices of
Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346   Fax: (907) 746-2340

ATTACHMENT/EXHIBIT 5
PAGE 14 OF 20

**Interrogatory No. 7:** State the name and address of liability insurer, policy number, dollar amount of liability policy coverage or limit, and claim number applicable to Denise Gillen's claim for damages. (Note, if Safeway is self-insured, then please confirm such and identify the rest of the information on terms of coverage.)

Answer:

Law Offices of
**Kenneth J. Goldman, P.C.**
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346   Fax: (907) 746-2340

ATTACHMENT/EXHIBIT 5
PAGE 15 OF 20

*Gillen v. Safeway Inc.* Page 15
Plaintiff's First Set of Interrogatories and Request for Production

**Interrogatory No. 8:** For any and all Ambien prescribed for Denise Gillen and/or dispensed and filled out of any Safeway or Carr's pharmacy site at any time, whether in September of 2004 or previously and/or later in time, please state the date of each such Ambien prescription or dispensation, number of prescription, name of prescribing health care provider, date of each dispensation, exact color of tablet or pill (whether pink, yellow, white, or other color), and potency/strength in terms of milligrams for each such Ambien prescription.

Answer:

Law Offices of
**Kenneth J. Goldman, P.C.**
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346   Fax: (907) 746-2340

ATTACHMENT/EXHIBIT 5
PAGE 16 OF 20

**Interrogatory No. 9:** Explain precisely why the Carrs pharmacy medical expense print-out, run as of 9/28/04 and attached as Exhibit 1 to Denise Gillen's Complaint, does **not** list or disclose Ambien as filled for or dispensed to Denise Gillen for the period of September 16 or 17, 2004.

Answer:

Law Offices of
Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346   Fax: (907) 746-2340

ATTACHMENT/EXHIBIT 5
PAGE 17 OF 20

**Interrogatory No. 10:** Following filling and dispensation to or for Denise Gillen of Ambien, in place of Ultram or Ultracet, on September 16 or 17, 2004, please describe how Safeway <u>first</u> notified Denise Gillen, or anyone treating Denise Gillen or acting on her behalf, of the pharmacy error, including but not limited to the name, address, and telephone number of each person for Safeway giving such notice, method of notice (whether oral or written), date and time of notice, identity of each recipient (for example, name, address, and telephone number of doctor called or other family member notified), and description of the substance of such notice.

Answer:

DATED this 9th day of September, 2005 at Palmer, Alaska.

_____
Elizabeth N. Smith
Attorney for Plaintiff
Bar No. 9402003

ATTACHMENT/EXHIBIT 5
PAGE 18 OF 20

Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346   Fax: (907) 746-2340

*Gillen v. Safeway Inc.*
Plaintiff's First Set of Interrogatories and Request for Production

Page 18

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT PALMER

| | |
|---|---|
| DENISE FAYE GILLEN,<br><br>      Plaintiff,<br><br>vs.<br><br>SAFEWAY, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 3PA-05-_____ CI |

**AFFIDAVIT OF DEFENDANT**

STATE OF ALASKA      )
                             ) ss:
THIRD JUDICIAL DISTRICT  )

_____, being first sworn upon oath, deposes and states as follows:

1) I am a representative of the Defendant, Safeway Inc.

2) I have read and fully understand the instructions set forth in the Interrogatories.

3) I have read the Answers to Interrogatories and state under oath that I believe the answers are complete and true and correct.

4) I understand that the above interrogatories seek information known not only to me, but also to my company employer, my attorneys, and anyone acting on their behalf.

5) I also understand that these interrogatories seek information known to me and/or within the possession, custody, or control of my company (Defendant Safeway, Inc.) or my attorneys.

6) I understand that my answers, which are set out above, and the documents provided may be used as evidence at the trial of this matter.



*Gillen v. Safeway Inc.*
Plaintiff's First Set of Interrogatories and Request for Production

Page 19

FURTHER AFFIANT SAYETH NAUGHT.

DATED this _____ day of _____, 2005.

_____
Signature of Authorized Representative of Safeway Inc.

_____
Printed Name and Corporate Title

SUBSCRIBED AND SWORN to or affirmed before me this _____ day of _____, 2005.

_____
Notary Public, State of Alaska
My commission expires: _____

Law Offices of
**Kenneth J. Goldman, P.C.**
550 S. Alaska Street Ste 4-5
Palmer, AK 99645
Phone: (907) 746-2346   Fax: (907) 746-2340

ATTACHMENT/EXHIBIT 5
PAGE 20 OF 20

*Gillen v. Safeway Inc.*
Plaintiff's First Set of Interrogatories and Request for Production

Page 20