Not Reported in F.Supp.2d, 2003 WL 22533619 (E.D.La.)

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.
United States District Court,
E.D. Louisiana.
Gwendolyn JACKSON
v.
WAL-MART STORES, INC., et al
No. Civ.A. 03-2184.
Nov. 5, 2003.
Nov. 6, 2003.

Michael E. Enow for the plaintiff Gwendolyn Jackson
Roy C. Beard for the defendant Wal-Mart Stores, Inc.

KNOWLES, Magistrate J.
*1 On this date, the plaintiff's motion to amend came on for hearing before the undersigned Magistrate Judge. Present were:
For the following reasons the plaintiff's motion is GRANTED.

## BACKGROUND

This removed suit was originally filed by Gwendolyn Jackson ("Jackson") in the Civil District Court for the Parish of Orleans against defendant Walmart Stores, Inc. and its employee, "Jane Doe." On May 3, 2002, Jackson was purchasing multiple two-liter bottles of soda, when the cashier allegedly loaded 2 two-liter bottles of soda into one plastic bag and turned the bag carousel, which caused the bag containing the bottles to come unfastened and fall on Jackson's left big toe.
Jackson claims that the Walmart's cashier was negligent in causing her injuries and that Walmart is liable for inadequately training, negligently supervising and negligently hiring Jane Doe. Additionally, the plaintiff submits that Walmart is vicariously liable for the actions of Doe, who was acting within the course and scope of her employment with Walmart at the pertinent time.
Jackson alleges severe injury ( i.e., a contusion, neuritis and nerve entrapment of the left foot which is allegedly inoperable). In addition to the subject motion to amend, the plaintiff also filed a motion to remand, which was continued to a later hearing date before the district judge, so as to follow the ruling on the motion to amend.

## CONTENTIONS OF THE PARTIES

Plaintiff submits that it is clear from her original pleading that she intended from the outset to sue the allegedly negligent cashier/bagger, because she named the alleged negligent employee using a fictitious name until she could discover the employee's actual name. Now, plaintiff seeks to substitute the actual name of the cashier/bagger ( i.e., Javon Pollar) in the place of the "Jane Doe" employee. Walmart cites *Campagna v. Averitt Express, Inc.* 1999 WL 386652 (E.D.La.1999) (Sear, J.) and *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir.1987), cert. denied,493 U.S. 51 (1989) and argues that consideration of the appropriate factors militates in favor of denying the plaintiff's motion for leave to amend to add a non-diverse defendant.

## ANALYSIS

Federal Rule of Civil Procedure 15(a) requires that leave to amend "shall be freely given where justice so requires." The Fifth Circuit closely adheres to this rule; a motion for leave to amend should not be

ATTACHMENT/EXHIBIT 19
PAGE 1 OF 6

denied unless there is substantial reason to do so.[FN1]

> FN1. See Jacobsen v. Osborne, 133 F.3d 315, 318 (5th Cir.1998).

28 U.S.C. § 1447(e) provides in pertinent part that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[FN2] The Fifth Circuit has advised district courts to closely scrutinize an amendment which would destroy subject matter jurisdiction and that justice requires the consideration of a number of factors to determine if the amendment should be permitted.[FN3] In this situation, the federal district judge has two options; the Court must either deny joinder or permit joinder and remand the action to state court.[FN4] However, a court should never grant a request to join a party "against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction ."[FN5]

> FN2. 28 U.S.C. § 1447(e).
>
> FN3. See Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir.1987), cert. denied, 493 U.S. 51 (1989); see also Doleac v. Michalson, 264 F.3d 470, 474 (5th Cir.2001); Cobb v. Delta Exports, Incorporated, 186 F.3d 675, 677 (5th Cir.1999).
>
> FN4. 28 U.S.C. § 1447(e).
>
> FN5. See Cobb, 186 F.3d at 677.

*2 In Hensgens, the Fifth Circuit identified four criteria to consider in balancing the original defendants' interest in maintaining a federal forum against the plaintiff's interest in avoiding multiple and parallel litigation, to wit: (1) the extent to which joinder of the non-diverse defendant is sought to defeat diversity; (2) whether the plaintiff has been dilatory in seeking to add the party; (3) whether the plaintiff will be significantly injured if the requested amendment is not allowed; and (4) any other factor bearing on the equities, such as the futility of the amendment.[FN6]

> FN6. See Hensgens, 822 F.2d at 1183.

As long as the plaintiff states a valid claim against the new defendants, the principal purpose is not to destroy diversity jurisdiction.[FN7] In Brown v. Toyota Motor Sales, U.S.A., Inc., 1999 WL 983828 (E.D.La.), the court explained:

> FN7. See Jade Marine, Inc. v. Detroit Diesel Corporation, 2002 WL 31886726, at * 2 (E.D.La.); Herzog v. Johns Manville Products Corp., 2002 WL 31556352, at * 2 (E.D.La.) (Fallon J.); Biename v. Kitzman, 2000 WL 381932, at * 2 (E.D.La.); see also George v.. Home Depot USA, Inc., 2001 WL 766967 (E.D.La.) (Porteous, J.); Brown v. Toyota Motor Sales, U.S.A., Inc., 1999 WL 983828 (E.D.La.) (Barbier, J.)

[T]here are clearly instances under Louisiana law when an employee may be held liable. For example, if the employee had a personal duty to the plaintiff, the breach of which causes damage, the employee may be individually liable. Canter v. Koehring Co., 283 So.2d 716 (La.1973) (superseded by statute on other grounds).[FN8] Canter requires that the employer delegate a duty of care to the employee and that the employee breach this duty through his own personal fault.[FN9]

> FN8. Courtney v. BASF Wyandotte Corp., 385 So.2d 391 (La.App. 1st Cir.), cert. denied, 386 So.2d 359 (La.1980).

ATTACHMENT/EXHIBIT 19
PAGE 2 OF 6

https://web2.westlaw.com/result/documenttext.aspx?fn=_top&spa=AKAGPA-1000&serv...    12/30/2005

FN9. *Brown,* 1999 WL 983828, at * 2.

Applying the first *Hensgens* factor to this case, there does not appear to be any fraud regarding plaintiff's pleading. Plaintiff named Walmart's employee at the outset, albeit as "Jane Doe." Walmart has not demonstrated that its employee cannot be found liable under Louisiana law based on the plaintiff's allegations of direct negligence.

Regarding the second factor, the Court observes that this case was only recently removed to this Court. Temporal proximity between removal of this action and the plaintiff's recent efforts to substitute the name of the actual non-diverse defendant does not suggest defeating subject matter jurisdiction as the true purpose, where, as here, plaintiff attempted to name the non-diverse defendant employee in the original pleading as "Jane Doe." This case is distinguishable in that regard from the cases cited by the defendants, including *Hensgens, supra* and *Campagna v. Averitt Express,* 1999 WL 386652 (E.D.La.) (Sear, J.). In both of the aforesaid cases, the issue was adding a defendant not contemplated as a party at the time the suit was originally filed. Moreover, the motion for leave to amend was filed within the time frame allowed for amendments to the pleadings. Considering the foregoing, the plaintiff cannot be characterized as dilatory in seeking to amend the complaint to substitute the name of the directly negligent employee.

As to the third *Hensgens* factor, skepticism as to whether the plaintiff will prosecute the employee defendant and succeed in that regard may be tested in the state court proceeding *via* motion for summary judgment or exceptions of no cause or right of action.

**\*3** Turning to the fourth factor, *i.e.,* other equities bearing on the situation, it is clear that the plaintiff prefers her choice of forum (state court) and the defendant Walmart prefers the federal forum. Futility of amendment is clearly not an issue, because the alleged liability of Walmart is predicated in part on liability of Ms. Pollar. Additionally, the better course is to have all potentially liable parties in one proceeding.

Accordingly and pursuant to the hearing the Court issues the following order, to wit:

IT IS ORDERED that the plaintiff's Motion for Leave to Amend [Rec. Doc. No. 9] is GRANTED.

E.D.La.,2003.

Jackson v. Wal-Mart Stores, Inc.

Not Reported in F.Supp.2d, 2003 WL 22533619 (E.D.La.)

Motions, Pleadings and Filings (Back to top)

• 2:03CV02184 (Docket) (Aug. 01, 2003)
END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ATTACHMENT/EXHIBIT 19
PAGE 3 OF 6



QUICK PRINT    PRINT    EMAIL    OTHER

**Jackson v. Wal-Mart Stores, Inc.**
Not Reported in F.Supp.2d, 2003 WL 22533619
E.D.La.,2003.
November 06, 2003 (Approx. 2 pages)

THOMSON WEST

ATTACHMENT/EXHIBIT 19
PAGE 4 OF 6

Tools



ATTACHMENT/EXHIBIT 19
PAGE 5 OF 6

**H** Case has some history                                                                                     KeyCite

Full History

Direct History
(Graphical View)

Citing References

Monitor With KeyCite Alert

➡ **Full-Text Document**

- Case Outline

**Petitions, Briefs & Filings**

**ResultsPlus**℠                                                                                                 About

**Am.Jur.2d**

1. Pleading
Facts or Circumstances Bearing on Grant or Denial of Motion to Amend, Other Facts or Circumstances, Effect on Federal Jurisdiction

**Corpus Juris Secundum: Removal of Causes**

2. Proceedings in, and Disposition of, Cause After Removal, Joinder of New Parties

**Corpus Juris Secundum: Removal of Causes**

3. Remand, In General, Joinder of New Parties

See More ResultsPlus

**Table of Authorities**

ATTACHMENT/EXHIBIT 19
PAGE 6 OF 6