Westlaw.

Not Reported in F.Supp.2d                                                                           Page 1
Not Reported in F.Supp.2d, 2001 WL 823815 (N.D.Cal.)
**(Cite as: 2001 WL 823815 (N.D.Cal.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, N.D. California.
Cassandra M. MILLER, Plaintiff,
v.
UNITED AIR LINES; and Does I through XX,
Defendants.
**No. C01-00035MJJ.**

July 10, 2001.

Kathryn B. Dickson, Esq., Dickson-Ross LLP, Oakland.

Jeffrey A. Ross, Esq., Dickson-Ross LLP, Oakland.

Susan T. Kumagai, Esq., LaFayette & Kumgai LLP, San Francisco.

Gary T. Lafayette, Esq., Lafayette & Kumagai, San Francisco.

ORDER GRANTING PLAINTIFF'S MOTIONS
FOR LEAVE TO FILE AMENDED COMPLAINT
AND TO
REMAND ACTION TO STATE COURT

JENKINS, District J.

*1 The Court having considered plaintiff's Motions for Leave to File Amended Complaint and to Remand Action to State Court, having read and considered the parties' briefing on the motions, and having heard oral argument on June 26, 2001, at which Kathryn Burkett Dickson appeared for plaintiff and moving party, and Diane Kong having appeared for defendant United Airlines;

IT IS HEREBY ORDERED that plaintiff's motions for leave to file amended complaint and to remand action to state court are granted for the following reasons.

First, the Court finds that *Righetti v. Shell Oil Co.,* 711 F.Supp. 531, 532, 535 (N.D.Cal.1989) controls the decision here. Given the *Righetti* court's finding, and this Court's concurrence, that there is an unambiguous intent that underlies Congress's enactment in 28 U.S.C. § 1447(e), and that such enactment affords District Courts broader leeway in the exercise of their discretion in determining the propriety of post-removal amendments to a complaint, even though the allowance of such amendments would destroy diversity and result in remand to state court. The Court here is guided by 28 U.S.C. § 1447(e), which is permissive and grants, as noted, broad discretion for such amendments.

The cases cited by defendant in this matter, ***Newcombe v. Adolf Coors Company,* 157 F.3d 686 (9th Cir**.1998) and *Clinco v. Roberts,* 41 F.Supp.2d 1080 (C.D.Cal.1999), do not address the legislative history that is cited in *Righetti,* which this Court finds persuasive, and which reflects that Congress intended to provide District Courts with an option that was more attractive than either dismissal under Rule 19(b) or denial of joinder.

As such, the argument that the Court is constrained by the provisions of Rule 19(b), as argued by the Defendant, is inconsistent with the broader policy dictates that drove the enactment of 28 U.S.C. § 1447(e). As the *Righetti* court notes, Congress could have referred to a more restrictive approach, i.e., Rule 19(b), in its enactment of § 1447(e) as it was cognizant of Rule 19, but chose not to do so. 711 F.Supp. at 535.

Having determined that the dictates of Rule 19(b) do not solely control the Court's exercise of discretion here, and as importantly, that a finding of indispensability under Rule 19(b) is not a necessary

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ATTACHMENT/EXHIBIT 20
PAGE  1  OF  3

Not Reported in F.Supp.2d                                                                                      Page 2

Not Reported in F.Supp.2d, 2001 WL 823815 (N.D.Cal.)

**(Cite as: 2001 WL 823815 (N.D.Cal.))**

ingredient to the exercise of the Court's discretion, this Court finds that its discretion, and the interests of justice, depend upon a consideration of the following four factors.

First is the issue of delay. While, on this record, the request for amendment could have been made more expeditiously, the time between removal and the motion seeking amendment does not reflect the kind of delay that, in the Court's exercise of discretion, should compel denial of the motion. Except for a case management conference, no proceedings have occurred in this Court. A trial date is set, which is approximately a year from now. Therefore, the Court finds that delay does not support the denial of the Plaintiff's motion.

*2 Second, the Court is to look to the viability of the claims that are sought by way of the amendment. Although Defendant here argues that, based on *Reno v. Baird,* 18 Cal.4th 640, 76 Cal.Rptr.2d 499 (1998), there can be no expansion of liability for individual defendants, it is clear that *Reno v. Baird* does not address the issue of individual liability with respect to harassment claims and retaliation claims. That is a matter for statutory analysis. It is clear under the decision in *Page v. Superior Court,* 31 Cal.App.4th 1206 (1995), that claims against individuals are viable with respect to issues of harassment and retaliation.

In fact, *Baird, supra,* does not compel a different conclusion. *Baird* supports distinguishing between claims of discrimination under Cal. Gov't Code § 12940(a) and claims of retaliation under § 12940(f) & (h). And, *Baird, supra,* distinguishes these forms of discrimination, clearly indicating that with respect to discrimination, supervisors have it within their ambit, and the responsibility is foisted on them, to deal with issues of personnel and employee management. However, distinguishing harassment and retaliation from discrimination, the *Baird* court makes clear that issues of harassment, such as racial slurs or gender-related slurs do not fall within the ambit of a supervisor's responsibility. Therefore, liability is appropriate with respect to individual defendants.

Thus, it is clear that there are viable claims here that have been pled sufficiently. The second factor addressed in *Righetti* is met here.

Next, defense counsel urges the Court to look at the issue of motive, and the Court has, even though *Righetti* counsels against this inquiry into plaintiff's motive for adding non-diverse parties. This Court notes that, with respect to an analysis of motive, this record does not compel denial of the motion to amend.

Based upon the foregoing analysis and considerations, the Court finds as follows.

WHEREAS, first, it is clear here, that the Plaintiff filed the action in state court and Defendant removed to this Court, which is an expectancy on Defendant's part;

Second, the proposed amendment sets forth viable claims for harassment and retaliation;

Third, delay on this record could hardly be considered significant and certainly is not consistent with the kinds of delay the cases have found to be an important factor;

Fourth, as noted, the right of removal is an expectancy contingent upon a plaintiff's failure to add non-diverse defendants, and is not a substantive, constitutional right;

Fifth, and most importantly, there has been no articulation of prejudice on this record that would support a denial of the proposed amendment; and

Sixth, equally important, public policy favors allowing state courts to adjudicate state law claims thereby reducing federal courts' diversity caseload in favor of those claims being resolved by state courts. Public policy also supports avoiding waste of both litigants' and judicial resources; and there certainly is a specter of inconsistent decisions in this matter were it to be litigated in both federal and state courts.

*3 Based upon the totality of circumstances and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ATTACHMENT/EXHIBIT 20
PAGE 2 OF 3

Case 3:05-cv-00234-TMB   Document 18-21   Filed 01/05/2006   Page 3 of   Page 4 of 4

Not Reported in F.Supp.2d                                                                                              Page 3
Not Reported in F.Supp.2d, 2001 WL 823815 (N.D.Cal.)
**(Cite as: 2001 WL 823815 (N.D.Cal.))**

having evaluated each of these factors, the Court finds that it is in the interest of justice and liberal policy favoring amendments, to grant the motion.

THEREFORE, Plaintiff's motion to amend the complaint IS GRANTED.

Having granted the motion to amend, adding non-diverse defendants, complete diversity among the parties no longer exists.

THEREFORE, Plaintiff's motion to remand this action to the Superior Court of Alameda County IS GRANTED.

Not Reported in F.Supp.2d, 2001 WL 823815 (N.D.Cal.)

**Motions, Pleadings and Filings (Back to top)**

• 3:01CV00035 (Docket) (Jan. 05, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ATTACHMENT/EXHIBIT 26
PAGE 3 OF 3

https://print.westlaw.com/delivery.html?dest=atp&format=HTMLE&dataid=A00558000...   12/30/2005