IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DENISE FAYE GILLEN,<br><br>        Plaintiff,<br><br>vs.<br><br>SAFEWAY, INC.,<br><br>        Defendant. | 3:05-cv-0234 RRB<br><br>**ORDER GRANTING PLAINTIFF'S<br>MOTION TO AMEND COMPLAINT** |

## I.   INTRODUCTION

Before the Court is Plaintiff Denise Faye Gillen ("Gillen") with a Motion to Amend Complaint to include "John Doe and/or Jane Doe" as potential party-defendants.[1] These potential defendants "would be the individual or individuals who, when functioning as licensed pharmacist(s) or pharmacy assistant(s)/technician(s), actually, personally, and physically may have acted in breach of contract and also in a negligent manner to insert the wrong medication into Denise Gillen's prescription

---

[1] Clerk's Docket No. 14 at 1.

ORDER GRANTING PLAINTIFF'S
  MOTION TO AMEND COMPLAINT - 1
A05-0234 CV (RRB)

bottles at Safeway."[2]  Defendant Safeway, Inc. ("Safeway") opposes because (1) Gillen failed to demonstrate she is entitled to relief; (2) the purpose of the motion is to defeat diversity jurisdiction; (3) Gillen is not prejudiced by the denial of her motion and (4) the balance of the equities favors denying Gillen's motion.[3]

Because the Court concludes that Gillen may amend her Complaint, Plaintiff's motion is **GRANTED**.

**II. FACTS**

On or about September 17, 2004, Safeway dispensed a prescription drug, Ambien, to Gillen in place of the prescribed drug, Ultracet.[4]  Gillen took the improper drug, a sleep aid medication, and was subsequently involved in a collision with another vehicle.[5]  On September 20, 2004, Safeway notified Gillen's medical provider that an error was made in dispensing her medication.[6]

---

[2] Id.

[3] Clerk's Docket No. 15 at 1.

[4] Complaint at ¶ 5.

[5] Id. at ¶¶ 5, 8.

[6] Id. at ¶ 4.

Gillen then filed a lawsuit against Safeway in the Superior Court for the State of Alaska.[7] On September 29, 2005, Safeway filed its Notice of Removal on the basis of the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332.[8] On October 5, 2005, Safeway filed its Answer to the Complaint.[9] Gillen now moves to Amend the Complaint to add the unnamed defendants.

### III. DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading is served, a party "may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." However, this Rule conflicts with 28 U.S.C. 1447(e), which states, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

This Court agrees with the reasoning of other federal courts that 28 U.S.C. § 1447(e), rather than Fed. R. Civ. P. 15(a), should apply when a plaintiff seeks to amend a complaint so that

---

[7] Complaint.

[8] Clerk's Docket No. 1.

[9] Clerk's Docket No. 8.

diversity jurisdiction could be destroyed after removal.[10] While the Court accepts that Gillen's purpose in amending the Complaint is not to avoid federal jurisdiction, analysis under § 1447(e) avoids any potential for manipulation of the lawsuit for such a purpose.

In considering whether to allow joinder under § 1447(e), the parties agree that the Court should consider the following factors: "(1) the extent to which the joinder of a nondiverse party is sought merely to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; (4) any other factors bearing on the equities."[11]

Here, the Court will consider the factors in order. First, it is not apparent that the joinder of potentially nondiverse parties is sought merely to defeat federal jurisdiction. Rather, Gillen seeks to add the unidentified pharmacy licensees because there could be viable claims against these individuals, and

---

[10] Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc., 916 F. Supp. 1024, 1026 (D. Nev. 1996); Bevels v. American States Ins. Co., 100 F. Supp. 2d 1309, 1312 (M.D. Ala. 2000); see also 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure: Civil § 1477 (2d ed. 1990) ("a party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action.").

[11] Winner's Circle, 916 F. Supp. at 1027 (citations omitted).

adding them as defendants preserves Gillen's rights.[12]  Further, as Safeway has not yet responded to the interrogatory about the identity of these individuals, it is not known whether they were Alaskan residents at the time the lawsuit was filed.  Thus joining the unnamed defendants may not even defeat federal jurisdiction.

Second, the Court does not find that Gillen has been dilatory in asking to amend her Complaint.  Her motion was filed within the time frame set out in the Scheduling and Planning Order.[13]  Further, Gillen sent interrogatories inquiring about the identity of the pharmacists in September of 2005, before Safeway filed its Notice of Removal.[14]  Safeway has not yet answered the interrogatories.

Third, the Court finds that Gillen would be prejudiced should she not be allowed to amend her Complaint.  Safeway's arguments that she would not suffer prejudice are not persuasive. While Gillen can seek damages against Safeway under a _respondeat superior_ liability theory, Gillen may also have separate claims against the individual pharmacists.  For example, one claim sought by Gillen includes corrective records, a duty of the individual

---

[12] Clerk's Docket No. 18.

[13] Clerk's Docket No. 12.

[14] Clerk's Docket No. 18 at Ex. 5.

pharmacist, not Safeway.[15] Safeway's argument that it is too early in discovery for Gillen to determine that there are claims against individual pharmacists is circular; had Gillen waited longer to amend her Complaint, she would have been barred by the Scheduling and Planning Order and subject to claims that she acted in a dilatory manner. Denying the amendment would also require Gillen to litigate her claims against the individuals separate from her claims against Safeway. This poses a special hardship in this case because Safeway and Gillen agree that destructive testing of a sample of Gillen's blood taken at the time of the accident is necessary. There would be no blood left for testing in a separate case against the pharmacists.

Fourth, the balance of equities favors granting Gillen's motion. The only prejudice that Safeway would suffer if the Court allows Gillen to amend the Complaint is the potential remand of the case to state court, away from Safeway's preferred forum. Given that remand is not certain at this point, this does not weigh heavily in Safeway's favor. On the other hand, Gillen's ability to preserve her rights against the individual pharmacists, litigate all claims in one action, and the destructive nature of the blood testing weigh in favor of granting Gillen's motion.

---

[15] Complaint; 12 Alaska Admin. Code § 52.210.

ORDER GRANTING PLAINTIFF'S
  MOTION TO AMEND COMPLAINT - 6
A05-0234 CV (RRB)

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Amend is hereby **GRANTED**.  Plaintiff may now file and serve her Amended Complaint.

ENTERED this 12th day of January, 2006.


                              /s/ RALPH R. BEISTLINE
                              UNITED STATES DISTRICT JUDGE