Elizabeth N. Smith
Attorney for Plaintiff
Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK  99645
Phone:  (907) 746-2346  Fax (907) 746-2340
Email:  ofcmgr@pobox.mtaonline.net

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DENISE FAYE GILLEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAFEWAY, INC., )<br>)<br>Defendant. )<br>_____ ) | Case No. A05-0234CV (RRB) |

## PLAINTIFF DENISE GILLEN'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR SECOND AMENDMENT OF COMPLAINT TO JOIN NON-DIVERSE DEFENDANT

Plaintiff Denise Gillen hereby moves pursuant to F.R.Civ.P. 15 and 28 U.S.C. Section 1447(e) to add a non-diverse defendant, Teresa Heilig (individual pharmacy licensee), who was identified by Defendant by name, for the first time on January 16, 2006, as the person who physically or actually filled and dispensed Ambien.  A proposed Second Amended Complaint, including underlined and bold-faced font for convenient review, is also filed herewith.  A separate and short motion for remand is simultaneously filed in technical compliance with new electronic transmission rules that each motion must be separate rather than in combined pleading.

By background, Plaintiff finally received on January 18, 2006 an answer to Interrogatory

Plaintiff's Motion for Second Amendment of Complaint                                                    -1-
To Join Non-Diverse Defendant and for Remand to State Court
*Gillen v. Safeway*,  *#Case No. A05-0234CV (RRB)*

Number 1.  This was the interrogatory which was served all the way back on September 16, 2006

along with the initial Summons and Complaint (meaning before federal removal for diversity).

When the answer was belatedly received on January 18, 2006 at the Law Offices of Kenneth J.

Goldman, P.C., attorneys for Plaintiff Denise Gillen, it identified an individual but still gave no

residential address or state of residency.

The answer received on January 18, 2006, identified Teresa Heilig without further

residential information, as following:

> **INTERROGATORY NO. 1:   Please state the full name, residential address, and telephone number of each pharmacy employee who actually filled or physically dispensed Ambien, instead of the prescribed Ultracet or Ultram, to or for Denise Gillen on or about September 16 or September 17, 2004.**
>
> **ANSWER:  Objection not relevant nor reasonably calculated to lead to discoverable information.   Additional objection based on contractual and constitutional rights to privacy. <u>Without waiving the forgoing the pharmacy employee who filled and dispensed Ambien to plaintiff was Teresa Heilig.</u>**

*Answer to Plaintiff's Interrogatory No. 1, Received at the Law Offices of Kenneth J. Goldman,*

*P.C. on 1/18/06 (emphasis supplied).*

Of course, the above objection must be an unsigned "boiler-plate" form of response,

because it would be very tough in this scenario to see how identification of the person actually

filling or physically dispensing Ambien could **<u>NOT</u>** lead to discoverable information.

Nonetheless, Plaintiff's counsel cares more deeply about the lack of any residential address,

either at the time the interrogatory was served or should have been answered (in the fall of 2005)

or when belatedly answered in January of 2006.

The controlling time period for diversity determination is the date of filing of the state

court complaint, September 12, 2005.

Plaintiff's Motion for Second Amendment of Complaint                                          -2-
To Join Non-Diverse Defendant and for Remand to State Court
*Gillen v. Safeway*,  #*Case No. A05-0234CV (RRB)*

To this end, Plaintiff's counsel faxed an inquiry to opposing counsel, DELANEY

WILES, on January 20, 2006 asking, in part, for residential information as following:

> Meanwhile, can you immediately give me the full residential address of Ms. Heilig as of the date when I filed my client's state complaint, on September 12, 2005, at the Palmer Courthouse? Are you willing to do so without necessity of my filing a separate formal interrogatory and/or formal motion on the matter? I need this information on residency to evaluate federal diversity and also to inform the US District Court accordingly when I move next week to amend the complaint to join Ms. Heilig by name. This obviously factors into how everyone approaches the propriety of potential remand.

*Fax Transmittal, 1/20/06, Attorney Elizabeth Smith to DELANEY WILES.*

In follow-up, Plaintiff's counsel called DELANEY WILES by telephone, specifically

Attorney Cynthia Ducey, on Tuesday, January 24, 2006, to again request information, this time

orally, on Teresa Heilig's address or even just state of residency as of September 12, 2005. Said

adverse counsel cited privacy concerns for Safeway withholding an employee's address.

However, at the same point adverse counsel stated that she is and will be representing Teresa

Heilig personally and individually in this case. Written correspondence from DELANEY

WILES, dated January 25, 2006 and received at the Law Offices of Kenneth J. Goldman, P.C. on

January 26, 2006, confirmed that DELANEY WILES represents Teresa Heilig regarding the

allegations in Plaintiff's complaint. However, there still was and is no identification by the joint

defense of Teresa Heilig's address or even her state of primary residency as of the date the case

was filed in state court.

The present posture is confusing to Plaintiff and her counsel. Disclosure of the

residential address, or even just confirmation of the state of residency, of Teresa Heilig (the

pharmacy employee who physically inserted the wrong medication) does not seem to be a

complex issue or inquiry. The interrogatory (served in September of 2005), recent federal

Plaintiff's Motion for Second Amendment of Complaint                                              -3-
To Join Non-Diverse Defendant and for Remand to State Court
*Gillen v. Safeway,  #Case No. A05-0234CV (RRB)*

motion work, and subsequent fax and telephone call all seem to make this a fairly "straight-forward" request.  It cannot be doubted that Plaintiff is seeking the residential address of Teresa Heilig.  Further, if opposing counsel now jointly represents both Safeway and Teresa Heilig, then it would appear that the issue of employee privilege, at least as to Teresa Heilig's residential address or state of residency on September 12, 2005 would be waived or capable of waiver within the context of that joint representation.  This does not seem to be a genuine "employee confidentiality" concern at this point.

To this end, Plaintiff's counsel has researched Teresa Heilig's address, as of the filing date in state court, as best possible in public databases.  If Plaintiff is getting Teresa Heilig's address or state of residency wrong based on the public records search, then Defendant Safeway can correct the mistake when responding to this motion memorandum.  It appears accurate that Teresa Heilig is non-diverse.

The Alaska Permanent Fund File, Public Information Access System, lists "Heilig Teresa M" for Years 2001, 2002, 2003, and 2004 at 755 W. Fern Avenue, Palmer, Alaska 99645.  This residential neighborhood is not the same as the Palmer Carrs/Safeway Store's address.

The Alaska Registered Voters File, Public Information Access System, lists "Heilig Teresa M" for both residence and mailing addresses at 755 W. Fern Avenue, Palmer, Alaska 99645.  The registration date is listed as "04-26-00."

The Alaska Division of Occupational Licensing maintains an online public notice search engine for occupational license details, including on 'TERESA MARIE HEILIG," at http://www.dced.state.ak.us/occ/OccSearch/Detail.cfm?Board=PHA&LicType=P&LicNu. License Number 1319, as a licensed pharmacist, matches to an address at 755 W. Fern Avenue, Palmer, Alaska  99546-6550.  The license was first issued in May of Year 2000.  The current

Plaintiff's Motion for Second Amendment of Complaint                                          -4-
To Join Non-Diverse Defendant and for Remand to State Court
*Gillen v. Safeway*,  #*Case No. A05-0234CV (RRB)*

license, good until expiration on June 30, 2006, was issued on June 2, 2004, meaning about three months before Ambien was dispensed to Plaintiff Denise Gillen in place of Ultracet.

It would appear from these multiple public indices that Teresa Heilig literally "lives just down the road" from the Palmer Courthouse wherein this state action was filed in the first place. She is not diverse in citizenship from Plaintiff Denise Gillen. Teresa Heilig's involvement was contemplated within the scope of the original complaint and interrogatories all along.

Plaintiff is especially concerned about speedy remand in this case, because there is a very finite and limited amount of blood sample not discovered in state custody until September of 2005. There is "not enough blood to go around" for all of the potential tests wanted by the interested parties, and, even so, various chemicals' "half-lives" may make the elapse of time critical for positive detection screens. The frozen blood was found a few days after the original complaint was filed in state court but just before the case was removed to federal court. Ambien dissipates over time in frozen samples, and it may be too late, even now, to detect the lowest threshold quantity of it in destructive testing. Plaintiff's clinical chemist and forensic toxicologist, Dr. Eileen Nickoloff, wants the blood sample tested for Ambien immediately. Time is of the essence on remand and testing.

Plaintiff will file and serve the Second Amended Complaint immediately upon issuance of an order approving the amendment. An unsigned copy of the proposed Second Amended Complaint is filed herewith. Undersigned counsel bold-faced and underlined all textual changes to make it easy for the Court and defense to review the proposed changes in the pleading. Changes were kept at a minimum and in the same sequence or paragraphs as the previous version.

It is expected that Teresa Heilig will want to file a responsive answer, even if Safeway

Plaintiff's Motion for Second Amendment of Complaint                                    -5-
To Join Non-Diverse Defendant and for Remand to State Court
*Gillen v. Safeway*, #*Case No. A05-0234CV (RRB)*

may choose not to do so.  Plaintiff will serve Teresa Heilig either personally or through her new

joint counsel, DELANEY WILES, at the latter's election and instruction.  Plaintiff can serve the

Second Amended Complaint, and start the answer time running, while the court files are

remanding and transmitting back over to the Palmer Courthouse, thus making the most efficient

use of time.  This allows destructive testing to move forward rapidly.

Dated this 31st day of January, 2006 in Palmer, Alaska.


/s/ Elizabeth N. Smith
Elizabeth N. Smith
Attorney for Plaintiff Denise Gillen
Alaska Bar No. 9402003


**Certificate of Service**

I certify that on the 31st day of
January, 2006, a true and correct
copy of the foregoing was mailed to:
Cynthia Ducey, Attorney for Safeway
/s/ B. Baumgartner

Plaintiff's Motion for Second Amendment of Complaint                                    -6-
To Join Non-Diverse Defendant and for Remand to State Court
*Gillen v. Safeway*,  *#Case No. A05-0234CV (RRB)*