Elizabeth N. Smith
Attorney for Plaintiff
Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK  99645
Phone:  (907) 746-2346  Fax (907) 746-2340
Email:  ofcmgr@pobox.mtaonline.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DENISE FAYE GILLEN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SAFEWAY, INC., | ) |
| | ) |
|     Defendant. | ) |
| _____) | Case No. A05-0234CV (RRB) |

**<u>AFFIDAVIT OF PLAINTIFF'S COUNSEL</u>**

| | |
|---|---|
| STATE OF ALASKA | ) |
| | ) ss. |
| THIRD JUDICIAL DISTRICT | ) |

Elizabeth Smith, being first duly sworn, deposes and states as follows:

1. I personally tried to verify the residential address, or even just the state of residency, of Pharmacist Teresa Heilig.  I tried using Interrogatory No. 1 (served back in September of 2005 along with the initial state complaint), together with follow-up in January of 2006 via fax and telephone inquiries to opposing counsel.  Receiving no defense disclosure, I just resorted to public records searches last week, which may or

Plaintiff's Motion for Second Amendment of Complaint    -7-
To Join Non-Diverse Defendant and for Remand to State Court
*Gillen v. Safeway, #Case No. A05-0234CV (RRB)*

may not be accurate. I figure that the public records searches, if all consistent over time across multiple databases, would be indicative of the residential address anyway.

2. The public databases for registered PFD applicants/recipients, registered voters, and licensed pharmacists do appear to be consistent from Years 2000 through present. Per public online computer databases, Teresa Heilig lived and still lives in Palmer, Alaska.

3. I am informed that I cannot depose Teresa Heilig until April of 2006 at earliest, which seems like a long time to wait for a deposition. Safeway has selected not to answer that portion of my interrogatory in this regard. I cannot serve an interrogatory on Teresa Heilig unless and until she is joined by order of amendment, and even then there would be a turn-around time on written discovery requests. Thus, I cannot presently and directly ask this pharmacist what her residential address was as of the state court filing date, September 12, 2005. Nor am I getting the information through DELANEY WILES, although it is most obvious I am and have been seeking it for literally months.

4. As best as I can pinpoint it without direct access to Ms. Heilig, she lives on West Fern Avenue in Palmer, Alaska. This is a residential neighborhood separate from the Palmer Carrs/Safeway store and pharmacy site where the prescription was misfilled on the day in question. She is non-diverse from Plaintiff Denise Gillen. If I am wrong about any of any of this, then Safeway can appear and give the right residential address in response to this motion.

5. This action logically belongs at the Palmer Courthouse. Plaintiff expects to request a jury view of the inside of the Palmer Carrs/Safeway Pharmacy. All of the fact

Plaintiff's Motion for Second Amendment of Complaint                                          -8-
To Join Non-Diverse Defendant and for Remand to State Court
*Gillen v. Safeway, #Case No. A05-0234CV (RRB)*

witnesses live in the Mat-Su Valley where this action, including medication error, vehicle accident and criminal arrest, occurred in the first place. Except that Safeway hurried to remove the action to federal court without answering Interrogatory No. 1 (identifying the pharmacy employee and his/her residential address) for several months, this action would and should have never left state court anyway.

6. I did not have any confirmation by employee name before January 18, 2006, when I finally received Safeway's belated Answer to Interrogatory No. 1, that it was Teresa Heilig who physically misfilled Ambien. Even now, I have received no formal confirmation of residential address for Teresa Heilig. An address was requested on the plain face of Interrogatory Number 1 itself. I have since circled back informally to ask for it as well. I still don't have a residential address for Teresa Heilig, at least through DELANEY WILES although it is now jointly representing both Safeway and Teresa Heilig.

7. At any rate, I have done my best to reconstruct Teresa Heilig's address. I am moving to amend to join Teresa Heilig as an individual licensee and party immediately.

8. I am ready to serve the second amended complaint now, either directly upon Teresa Heilig or, at the election and instruction of DELANEY WILES, indirectly through her joint counsel (DELANEY WILES). I want to move ahead as quickly as possible. Time is urgent because frozen blood samples were found in state custody in September of 2005, even though the state troopers and DA had told me until then that all samples had been destroyed. The blood sample has sat around untested for Ambien too long already. My expert clinical chemistry and forensic toxicology witness, Dr. Eileen Nickoloff, keeps reminding me that Ambien dissipates over time,

Plaintiff's Motion for Second Amendment of Complaint                                          -9-
To Join Non-Diverse Defendant and for Remand to State Court
*Gillen v. Safeway, #Case No. A05-0234CV (RRB)*

toxicology screen.  Still, I want to at least get it tested as soon as possible just in case it can be independently confirmed on detection screens at the lowest threshold or residual quantities.  Speedy remand moves this whole process along.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Elizabeth Smith

SUBSCRIBED AND SWORN TO before me this 30th day of January, 2006.



_____
Notary Public in and for Alaska
My commission expires: 10/5/08

**Certificate of Service**

I certify that on the 30th day of
January, 2006, a true and correct
copy of the affidavit was mailed to:
Cynthia Ducey, Attorney for Safeway

/s/ B. Baumgartner

Denise Gillen's Motion for Second Amendment of Complaint    - 10 -
To Join Non-Diverse Defendant and for Remand to State Court
*Gillen v. Safeway*, # Case No. A05-0234CV (RRB)