Elizabeth N. Smith
Attorney for Plaintiff
Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK  99645
Phone:  (907) 746-2346  Fax (907) 746-2340
Email:  ofcmgr@pobox.mtaonline.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DENISE FAYE GILLEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAFEWAY, INC., JOHN DOE )<br>AND/OR JANE DOE, )<br>)<br>Defendants. )<br>_____ ) | Case No. A05-0234CV (RRB) |

**PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO REMAND AMENDED ACTION TO SUPERIOR COURT FOR STATE OF ALASKA**

Plaintiff moves pursuant to 28 U.S.C. Section 1447(e) for remand of the amended action, due to lack of complete diversity, back to the Superior Court for the State of Alaska, Third Judicial District at Palmer.  This motion is short and filed simultaneously with Plaintiff's lengthier motion for leave to file and serve a second amended complaint.  The basis for both motions is Plaintiff's effort to substitute by amendment in place of "John Doe and/or Jane Doe" that non-diverse individual party, specifically Teresa Heilig (resident of City of Palmer), who was identified by name for the first time by Defendant Safeway, Inc. on January 16, 2006 as the pharmacy licensee who actually and physically filled the wrong medication.

This motion is filed in conjunction with new federal electronic transmission rules prohibiting combined motions or supportive pleadings. Otherwise, Plaintiff would have simply filed a combined "motion for second amendment of complaint to join a non-diverse party and for remand of action." The factual and legal bases for both motions are identical in any event; i.e., amendment to join a non-diverse party, as contemplated by the Court's Order Granting Plaintiff's Motion to Amend Complaint dated January 12, 2006, necessarily results in remand of the action to the Palmer Courthouse.

Defendant Safeway, Inc. finally identified the individual pharmacy licensee who physically made the medication error by name in its Answer to Plaintiff's Interrogatory No. 1 signed on January 16, 2006. This was the long-outstanding interrogatory served along with the initial state complaint and summons. DELANEY WILES now represents both Safeway, Inc. and Teresa Heilig (the latter being a resident of the City of Palmer per public databases). Another urgency is that Ambien is dissipating, or has already fully dissipated, in the frozen blood samples which were originally reported by the State of Alaska Troopers and District Attorneys as lost but then suddenly found in Washington toxicology laboratories in September of 2005. All of these factors call for expeditious remand.

Plaintiff seeks an order which would immediately remand the action back to the Superior Court for the State of Alaska, Third Judicial District at Palmer. While administrative channels are returning the file and processing the change through or from federal clerks to state clerks, Plaintiff hopes to take advantage of that routine time lag. Plaintiff wishes during that lag to serve out the Second Amended Complaint, if such pleading is approved under simultaneous motion, and to concurrently run the defendants' responsive answer/pleading time. This efficiency will help clear Plaintiff and the other parties to seek an early order from the Superior Court for the

State of Alaska, Third Judicial District at Palmer, on private laboratory terms and costs of destructive blood testing.

Dated this 31st day of January 2006 at Palmer, Alaska.

/s/ Elizabeth N. Smith
Attorney for the Plaintiff Denise Gillen
Alaska Bar No. 9402003

**Certificate of Service**

I certify that on the 31st day of
January, 2006, a true and correct
copy of the foregoing order was mailed to:
Cynthia Ducey, Attorney for Safeway
/s/ B. Baumgartner

*Gillen v. Safeway,  Case No. A05-0234CV (RRB)*                                        Page 3
Plaintiff's Motion to Remand Amended Action to Superior Court for State of Alaska