Elizabeth N. Smith
Attorney for Plaintiff
Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK  99645
Phone:  (907) 746-2346  Fax (907) 746-2340
Email:  ofcmgr@pobox.mtaonline.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DENISE FAYE GILLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SAFEWAY, INC., JOHN DOE ) | |
| AND/OR JANE DOE, ) | |
| ) | |
| Defendants. ) | |
| _____) | Case No. A05-0234CV (RRB) |

**ORDER**

Plaintiff moved pursuant to 28 U.S.C. Section 1447(e) for remand of the amended action, due to lack of complete diversity, back to the Superior Court for the State of Alaska, Third Judicial District at Palmer.  This motion was made in conjunction with Plaintiff's simultaneously filed motion for leave to file and serve a second amended complaint.  The basis for both motions was that Plaintiff sought to substitute by amendment in place of "John Doe and/or Jane Doe" that non-diverse individual party, specifically Teresa Heilig (resident of City of Palmer), who was identified by name for the first time by Defendant Safeway, Inc. on January 16, 2006 as the pharmacy licensee who actually and physically filled the wrong medication.  The Court considered the simultaneous motion for second amendment.  The Court also considered

Plaintiff's instant motion for remand, together with any response and reply thereon.

The subject of amendment was previously addressed, in part, in the Court's Order Granting Plaintiff's Motion to Amend Complaint dated January 12, 2006. The Court previously accepted at Page 4 of afore-said Order that Plaintiff's purpose in amending the Complaint, so as to contemplate the unidentified "Doe" pharmacy licensee at that time, was not to avoid federal jurisdiction under 28 U.S.C. Section 1447(e). The Court referenced in its Order an unanswered discovery request served in September of 2005, Plaintiff's Interrogatory Number 1, which, if answered by Defendant Safeway, Inc. in a timely manner, would have otherwise identified the pharmacy licensee by name at or around the time of federal removal.

IT IS HEREBY ORDERED that such motion for remand is granted effective immediately. There was and is concern about expeditious and destructive testing of limited blood samples involving the interests of all joined parties. This case is remanded back to the Superior Court for the State of Alaska, Third Judicial District at Palmer.

Dated this _____ day of _____, 2006.

_____
RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I certify that on the 31st day of
January, 2006, a true and correct
copy of the foregoing order was mailed to:
Cynthia Ducey, Attorney for Safeway
/s/ B. Baumgartner