FILED

JUN 2 7 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ERIC LUTZ, as assignee of rights of
Dean Bruington d/b/a DB Enterprises,

          Plaintiffs,

vs.

FIRST FINANCIAL INSURANCE
COMPANY, INC.,

          Defendant.

Case No. A04-0229 CV (JKS)

ORDER

    Plaintiff Eric Lutz, assignee of Dean Bruington, sues Defendant First Financial Insurance Co., seeking damages for an alleged failure to defend and indemnify Bruington against an action by Lutz. Lutz claims that Bruington negligently damaged Lutz's home. The case was originally filed in state court but was timely removed to this Court where it is proceeding with pre-trial discovery. Recently, Lutz moved to amend his complaint to add a non-diverse party, presumably in the hopes of defeating diversity jurisdiction and forcing remand of this case to state court. *See* Docket No. 14. The motion is opposed, Docket No. 19, and Lutz has replied, Docket No. 20.

    The motion is governed by 28 U.S.C. § 1447(e). *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998); *Yniques v. Cabral*, 985 F.2d 1031, 1034 (9th Cir. 1993), *disapproved on other grounds by McDowell v. Calderon*, 197 F.3d 1253 (9th Cir. 1999). *See generally* Lisa Combs Foster, Note, *Section 1447(E)'s Discretionary Joinder and Remand: Speedy Justice or Docket Clearing?*, 1990 Duke L. J. 118 (Feb. 1990). It is clear that David Buness, the insurance adjustor who Lutz wishes to add as a party, is neither an indispensible party nor a necessary party under Federal Rule of Civil Procedure 19. It also appears clear that he is a permissive party under Federal Rule of Civil Procedure 20. The Court therefore has discretion to permit joinder and

1

EXHIBIT F
Page 1 of 2

21

 

remand or deny joinder and allow the case to proceed in federal court, leaving Lutz free to bring a separate action against Buness in state court. In exercising its discretion the Court should not use the motion as a means of docket clearing. *See* Foster, *supra*, at 145–51. This point is particularly true in Alaska where the federal court's docket is current and cases can be readily addressed when the parties are prepared for trial.

In this case, the equities tilt in favor of retaining jurisdiction. This case may easily be resolved without Buness as a party. Lutz may call him as a witness if he needs his testimony. Lutz did delay a number of months in seeking joinder. The case is proceeding toward trial. It appears that joinder is sought primarily to defeat this Court's jurisdiction, i.e., forum shopping. The Court has considered First Financial's interest in removing this case to this Court. *See, e.g., Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Lutz will suffer no prejudice if joinder is denied and full relief is available in this Court—a point buttressed by the fact that this Court's docket is smaller than that of judges performing comparable work in state court, making an expeditious decision available here. The Alaska Supreme Court seems to have addressed all of the issues raised in the pleadings so there would not appear to be any undecided issues about which this Court would need to speculate. In the unlikely event that issues of first impression arise, the Alaska Supreme Court has been very willing to accept certification from this Court pursuant to Alaska Rule of Appellate Procedure § 407. Further, since Alaska follows a discovery rule in applying the tort statute of limitations, it does not appear that an action against Buness in state court would be barred.

**IT IS THEREFORE ORDERED:**

In the exercise of this Court's discretion, the motion at **Docket No. 14** to amend the complaint to add a non-diverse party and then remand to state court is **DENIED**.

Dated at Anchorage, Alaska, this 23 day of June 2005.

                                        _____
                                        JAMES K. SINGLETON, JR.
                                        United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2004\A04-0229.001.wpd        2

A04-0229--CV (JKS)      6-27-05
A. GUIDI (DELANEY)      EXHIBIT
T. COOK                 Page 2 of 2