# LAW OFFICES OF KENNETH J. GOLDMAN, P.C.

Attorneys:   Kenneth J. Goldman   Elizabeth N. Smith

550 S. Alaska Street, Ste 4-5
Palmer, AK 99645

Phone: 907-746-2346
Fax:   907-746-2340

January 17, 2006

Cynthia Ducey
Delaney, Wiles Hayes, Gerety, Ellis
& Young, Inc.
1001 West 3rd Avenue Ste 400
Anchorage, AK 99501-1936

RE: *Gillen v. Safeway*

Dear Ms. Ducey:

First, I am consulting with experts about your January 13, 2006 letter regarding how to expend or allocate the limited blood sample. You raise a valid point about how there may or may not be enough sample to accomplish the various proposed tests. I will consult with my experts to boil it down to what is absolutely essential. I have technical questions, too, about whether the same sample when used qualitatively to detect or screen positive for substances can then be used, once thawed and damaged, in follow-up to try to quantify any positive screens.

Certainly it would appear that we want Ambien and abuse drugs tested. I think that Ultracet was dispensed to Denise Gillen, according to Safeway records (if they are correct in this facet), right up through August of 2004 and even into September of 2004, but then perhaps this is so undisputed that to dedicate limited blood sample to detect for Ultracet's presence is merely academic. There is no need to test for alcohol, unless you really want to do so (I don't), because the law enforcement's tests on the date of the incident indicated no alcohol whatsoever. I have not yet verified the blood sample quantities you listed as necessary for the various tests in your January 13 letter, but assuming here you are correct that alcohol requires at least 7 milliliters of blood it sounds like we would not have enough sample for alcohol testing in any event. At any rate, I will get back to you on which tests I feel most vital after I consult with my experts.

Second, until we get the individual pharmacy licensee(s) joined as amended parties, I don't think we can proceed with destructive testing anyway. We would be premature and risking the rights/interests of the licensee(s). I do want to move it along, though. I need your answers to interrogatories in this regard to make the joinder happen earlier rather than later. Also, the individual(s), once identified, may have a separate opinion on which test codes to run on the limited sample we are discussing here.

Sincerely,

*Elizabeth Smith*
Elizabeth Smith

Copy: Client