Elizabeth N. Smith
Attorney for Plaintiff
Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK  99645
Phone:  (907) 746-2346  Fax (907) 746-2340
Email:  ofcmgr@pobox.mtaonline.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DENISE FAYE GILLEN,<br><br>     Plaintiff,<br>v.<br><br>SAFEWAY, INC.,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. A05-0234CV (RRB) |

**AFFIDAVIT OF COUNSEL**

STATE OF ALASKA           )
                          ) ss.
THIRD JUDICIAL DISTRICT   )

I, Elizabeth Smith, do swear under oath and penalty of perjury as following:

1. I am counsel for Plaintiff Denise Gillen.

2. I have reviewed and selected Exhibits 1 through 13 attached hereto.  They are also cross-referenced in the "FACTS" section of my new reply brief on second amendment.  The exhibits are true and correct copies to my best knowledge.

3. I have invested much time in the pursuit of testing Denise Gillen's blood.

4. Until September of 2005, the remaining sample was thought destroyed at the State

of Washington Toxicology Laboratory. My office sent letters, telephone calls, and requests to the State of Washington Toxicology Laboratory and the State of Alaska District Attorneys and Troopers chasing down the slim hope that we could retrieve even a small undestroyed sample. When all hope was given up, the lab located it, and I immediately let defense counsel know so.

5. After that point, I spent many hours investigating which lab and test codes to run initially for detection and then (if positive detection) for quantification. I knew it would require sending the sample out to a private for-hire lab. I sent letters and discovery supplements to DELANEY WILES, some attached to my reply brief, to communicate on the subject.

6. My toxicology and forensic chemistry expert, Dr. Eileen Nickoloff, is very concerned about the time urgency of getting the testing done. Ambien dissipates over time even in a frozen blood sample and may very well be gone beyond detection threshold limits at this point.

7. There is not enough blood to "go around," and the letters between attorneys and experts in the last two months make that clear. I need only one test, Ambien, and it takes only a slight fraction (just .45 milliliters) of the salvaged 2 milliliter specimen. Safeway wants lots of tests, even to repeat tests on alcohol and other substances already run by the Washington State Toxicology Laboratory.

8. I could just say "That's Safeway's problem as long as I get Ambien tested." I don't take this approach, though. Certainly Ambien must be tested, but I have

tried hard to cooperate with Safeway in figuring out test codes that would apply to what it wants tested on the sample. It is true that Safeway will have to make some tough decisions on how to spend the remaining 1.55 milliliters of blood specimen not used up by Ambien's testing. I don't care what Safeway tests as long as I get Ambien tested in the end.

9. Just because I want to do all destructive blood testing on a very tiny sample amount, within one case uniting all formally joined defendants, does not mean that I am somehow "stalling" on getting the testing done. It should be clear by this time that Safeway has only reluctantly disclosed the erring pharmacist's identity, and even now still will not give a residential address for her while fighting amendment and remand. I have tried to move along on the testing which is evident in Exhibits 1 through 13 hereto. Still, I will not waive my client's right to have formal testing done, whether in federal or state court, in a case that brings in all properly joined parties.

_____
Elizabeth Smith

SUBSCRIBED AND SWORN TO before me this 1st day of March, 2006.

_____
Notary Public in and for Alaska
My commission expires: _____


Official Seal
STATE OF ALASKA
Notary Public
Barbara Baumgartner
Commission Expires 2/26/07

**Certificate of Service**

I certify that on the 2nd day of
March, 2006, this document was served
by electronic filing to:
Cynthia Ducey, Attorney for Safeway
/s/ B. Baumgartner

*Gillen v. Safeway*, A05-234CV (RRB)                                                                 Page 3 of 3
Affidavit of Counsel