Elizabeth N. Smith
Attorney for Plaintiff
Law Offices of Kenneth J. Goldman, P.C.
550 S. Alaska Street Ste 4-5
Palmer, AK  99645
Phone:  (907) 746-2346  Fax (907) 746-2340
Email:  ofcmgr@pobox.mtaonline.net

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DENISE FAYE GILLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SAFEWAY, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | Case No. A05-0234CV (RRB) |

## DENISE GILLEN'S OPPOSITION TO REQUEST FOR ORAL ARGUMENT

Plaintiff Denise Gillen, by and through the Law Offices of Kenneth J. Goldman,

P.C., herein opposes Safeway's request for an oral argument, dated March 6, 2006, on

two grounds as explained below.

First, it is completely inaccurate that Plaintiff is "seeking no money damages is

making no tort [sic] claim against the pharmacists [sic], Teresa Heilig."

While Safeway construes Plaintiff Denise Gillen's position this way at Page 1 of

her request for oral argument, this is still not an accurate depiction of Plaintiff's position.

Rather, Plaintiff is seeking and always has sought money damages in tort and contract breach against the individual pharmacist for committing the physical and professional act of mis-dispensing medication. The tort and contract claims for money damages due to medication error have not been extinguished by the companion request for corrective records. In other words, just because Plaintiff is not attempting to get money from the individual pharmacist for bad record-keeping under state pharmacy board regulations, Plaintiff is being misperceived by Safeway as somehow relinquishing her tort and contract breach claims for money damages against the same pharmacist related to that individual's physical act of mis-dispensing a sleep aid. As to state record-keeping regulations and violations thereof, Plaintiff reasonably wants correction of records only and not money damages, but this is <u>not</u> in exclusion of standard tort and contract money damages still preserved against the pharmacist related to the medication error itself. A medication error and, then after the fact, a continuing record-keeping error are not the same thing susceptible of the same remedies. Yes, Plaintiff Denise Gillen seeks money damages against the pharmacist, but it is for the underlying medication error on tort and contract theories and not related to state record-keeping laws. This hopefully provides clarity.

Second, per D.AK.L.R. 7.2(a)(3), the court may exercise its discretion to determine that argument is unnecessary and deny the request. Here, argument is unnecessary. Briefing is complete and voluminous. Argument only serves to further delay amendment, remand, discovery, and destructive testing (especially where Ambien dissipates over time). Any further time delay also serves to reward Safeway for its tardiness in answering September, 2005 interrogatories identifying the pharmacist who

committed the medication error. Safeway still withholds the pharmacist's address (whether local or not). Plaintiff Denise Gillen should not have to wait longer.

Dated this 7th day of March 2006 at Palmer, Alaska.

/s/ Elizabeth N. Smith
**Attorney for the Plaintiff**
**Alaska Bar No. 9402003**

**Certificate of Service**
I certify that on the 7th day of March, 2006, the
foregoing was electronically served on:
Cynthia Ducey
Attorney for Safeway
1001 West 3rd Avenue Ste 400
Anchorage, AK 99501-1936
 /s/ Elizabeth N. Smith