Cynthia L. Ducey
Delaney Wiles, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, AK 99501
(907) 279-3581
(907) 277-1331 fax
cld@delaneywiles.com

Attorney for Defendant Safeway, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DENISE FAYE GILLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SAFEWAY, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | Case No. A05-234 CV (TMB) |

**REPLY TO OPPOSITION TO REQUEST FOR ORAL ARGUMENT ON PLAINTIFF'S MOTION TO AMEND AND MOTION FOR REMAND**

**INTRODUCTION**

Defendant Safeway, Inc., ("Safeway") hereby replies to plaintiff's Opposition to Safeway's Request for Oral Argument. The Court should grant Safeway's Request for Oral Argument on plaintiff's Motion to Amend Complaint and Remand because oral argument is necessary: (1) to establish plaintiff has no cause of action against the individual Safeway pharmacist, but merely seeks to join the pharmacist, Teresa Heilig, to destroy federal diversity jurisdiction; (2) to explain the pharmacy document plaintiff claims must be corrected is actually correct; and (3) to demonstrate plaintiff can seek redress for any damages in her

negligence action against Safeway, which has already admitted liability. If the Court denies Safeway's Request, Safeway requests in the alternative that the Court grant supplemental briefing regarding plaintiff's Motion to Amend Complaint and Remand.

## ARGUMENT

### I. Oral Argument Is Necessary to Establish Plaintiff Has No Cause of Action Against Heilig

Oral argument is necessary for Safeway to establish plaintiff has no cause of action against Heilig. Having jettisoned her argument that she can state a cause of action against Heilig for a violation of a regulatory duty to keep records,[1] plaintiff now argues that she has not attempted to join Heilig merely to destroy diversity jurisdiction, but rather that she would like to obtain specific performance from Heilig: "to do whatever it takes to correct the pharmacy records". Plaintiff's Reply to Opposition to Motion to Amend and Remand at 14. However, plaintiff cannot obtain such specific performance because plaintiff has an adequate remedy at law. *See Gudenau v. Bierria*, 868 P.2d 907, 912 n.5 (Alaska 1994) ("[g]enerally specific performance is warranted when money damages are inadequate" and noting modern trend in U.C.C. cases that some courts have relaxed this requirement). Safeway requests oral argument to establish that plaintiff's latest rationale of why she should be allowed to join Heilig is groundless, like plaintiff's previous rationale, and to establish that plaintiff has sought to join Heilig merely to destroy federal jurisdiction.

### II. Oral Argument Is Necessary to Explain the Pharmacy Document Plaintiff Claims to be Incorrect Is Actually Correct

Oral argument is necessary to explain the pharmacy document plaintiff claims is incorrect is actually correct. Plaintiff has claimed her health provider, Dr. Elizabeth Turgeon, prescribed her Ultracet on September 16, 2004. Complaint at 2-3; Supplemental Response to

---

[1] Plaintiff's Opposition to Request for Oral Argument at 2.

**REPLY TO OPPOSITION TO REQUEST FOR ORAL ARGUMENT**
*Gillen v. Safeway, Inc.*; Case No. A05-234 CV (TMB)              Page 2 of 4

DELANEY WILES, INC.
SUITE 400
007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

First Discovery Requests at 4, 8. The pharmacy document plaintiff claims is incorrect is a computer-generated document stating that Elizabeth Turgeon prescribed plaintiff Ultracet on September 16, 2004. *See* Exhibit 1 to Complaint. The pharmacy document requires no correction. Moreover, any change Safeway would make to the pharmacy document plaintiff complains to be incorrect would merely falsify the true information stated in the document. When there is a misfill Safeway completes an error report, which was done in this case and disclosed. Accordingly, plaintiff has no cause of action to obtain corrected records and no cause of action against Heilig.

### III. Oral Argument Is Necessary to Demonstrate Plaintiff Can Seek Redress for Any Damages in her Negligence Action Against Safeway

Oral argument is necessary to demonstrate plaintiff can adjudicate any claims and seek redress for any damages in her negligence action against Safeway. In fact, Safeway has already taken the high road and conceded it dispensed Ambien to plaintiff. Answer at 2. Therefore, denying plaintiff's Motion to Amend Complaint and Remand will not prejudice plaintiff. Moreover, plaintiff will enjoy a fair and neutral forum in federal court. Because plaintiff can seek redress for any damages in this negligence action against Safeway, the Court should deny plaintiff's Motion to Amend Complaint and Remand.

### CONCLUSION

In sum, the Court should grant Safeway's Request for Oral Argument because oral argument is necessary: (1) to establish plaintiff has no cause of action against Heilig, but merely seeks to join Heilig to destroy federal diversity jurisdiction; (2) to explain the pharmacy document plaintiff claims must be corrected is actually correct; and (3) to demonstrate plaintiff can seek redress for any damages in her negligence action against Safeway, which has already

ELANEY WILES, INC.
SUITE 400
007 WEST 3RD AVENUE
NCHORAGE, ALASKA
(907) 279-3581

REPLY TO OPPOSITION TO REQUEST FOR ORAL ARGUMENT
*Gillen v. Safeway, Inc.*; Case No. A05-234 CV (TMB)                              Page 3 of 4

admitted liability. For all these reasons, the Court should grant Safeway's Request for Oral Argument at this time.

DATED at Anchorage, Alaska this ___13___ day of March, 2006

**DELANEY, WILES, INC.**
Attorneys for Defendant
SAFEWAY, INC.

_(signature)_
Cynthia L. Ducey ABA# 8310161

Certificate of Service

On this 13th day of March, 2006,
I caused to be electronically served a copy
of this document upon:

Elizabeth N. Smith
The Law Office of Kenneth J. Goldman, P.C.
550 S Alaska Street, Suite 4-5
Palmer, AK 99645

Cynthia L. Ducey
114561

DELANEY WILES, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

**REPLY TO OPPOSITION TO REQUEST FOR ORAL ARGUMENT**
*Gillen v. Safeway, Inc.*; Case No. A05-234 CV (TMB)                                   Page 4 of 4