IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DENISE FAYE GILLEN,<br><br>    Plaintiff,<br><br> vs.<br><br>SAFEWAY, INC.,<br><br>    Defendant. | Case No. 3:05-cv-0234-TMB<br><br>O R D E R |

INTRODUCTION

Two motions are before the Court. First, Plaintiff, Denise Faye Gillen ("Gillen"), moves for leave to file a second amended complaint. Docket Nos. 21 (Mot.); 24 (Opp'n); 26 (Reply) . Next, Gillen moves for remand to State Superior Court. Docket Nos. 23 (Mot.); 24 (Opp'n); 26 (Reply).

BACKGROUND

The following facts are taken from Judge Beistline's Order at Docket No. 19. On or about September 17, 2004, Safeway dispensed a prescription drug, Ambien, to Gillen in place of the prescribed drug, Ultracet. Gillen took the improper drug, a sleep aid medication, and was subsequently involved in a collision with another vehicle. On September 20, 2004, Safeway notified Gillen's medical provider that an error was made in dispensing her medication.

Gillen then filed a lawsuit against Safeway in the Superior Court for the State of Alaska. On September 29, 2005, Safeway filed its Notice of Removal on the basis of the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332. On October 5, 2005, Safeway filed its Answer to the Complaint. Gillen then filed a motion to amend her complaint. Gillen sought leave to amend in order to include "John Doe and/or Jane Doe" as potential party-defendants. The parties were unnamed pending disclosures from Safeway regarding the identity of the individual(s) responsible for dispensing incorrect prescription medications to Gillen. The Honorable Ralph R. Beistline, United States District Judge, granted that motion. *See* Docket No. 19 (Order). Safeway subsequently disclosed the pharmacist's identity as Teresa Heilig, and Gillen seeks to include Heilig as a defendant. Because the pharmacist appears to be an Alaska resident, adding her as a defendant would destroy diversity, and thus Gillen moves for remand.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading is filed a party "may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." As noted by Judge Beistline, there is tension between Rule 15(a) and 28 U.S.C. § 1447(e). Section 1447(e) states, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Employing the joinder analysis outlined in § 1447(e)[1], Judge Beistline granted Gillen leave to amend to permit joinder of the as of then unnamed pharmacist.

In technical conformance with Rule 15(a) Gillen seeks leave to amend to insert Heilig's name into the caption, rather than John or Jane Doe. Judge Beistline clearly contemplated that when Safeway revealed the identity of the pharmacist, leave to amend would again be granted so

---

[1] Judge Beistline considered the following factors: "'(1) [T]he extent to which the joinder of a nondiverse party is sought merely to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; (4) any other factors bearing on the equities.'" Docket No. 19 at 4 (quoting *Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc.*, 916 F. Supp. 1024, 1026 (D. Nev. 1996)).

ORDER

that the pharmacist's name could be added to the caption.  The second round of amendment filings was not intended to give the parties an opportunity to argue the joinder issue anew.  Under the law of the case doctrine, a court is generally precluded from reconsidering an issue previously decided in the same case by the court or by a higher court.  *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000).  "This doctrine has developed to 'maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.'" *Ingle v. Circuit City*, 408 F.3d 592, 593 (9th Cir. 2005) (quoting 18B Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice & Procedure, Juris. 2d § 4478 at 637–38 (2002)).  Judge Beistline's determination regarding joinder is the law of the case, and is incorporated by reference herein.  Accordingly, the only issue remaining before the Court is whether remand to State Superior Court is appropriate.

Courts must strictly construe the removal statute, 28 U.S.C. § 1441, against removal jurisdiction.  Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  As is pertinent here, 28 U.S.C. § 1441 provides for the removal of (1) actions arising under federal law or (2) actions between parties of diverse citizenship where none of the defendants are citizens of the forum state.  *See* 28 U.S.C. § 1441(b).  Jurisdiction based on diversity of citizenship requires complete diversity; "each of the plaintiffs must be of a different state than each of the defendants." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Safeway has neglected to affirmatively reveal Heilig's citizenship.  *See, e.g.,* Docket No. 26, Ex. 9–10.  As Safeway argues that Gillen's sole purpose in seeking to add Heilig is to defeat diversity jurisdiction, it seems highly likely that Heilig is an Alaska resident.  *See* Docket No. 24 at 25.  Because adding an Alaska resident as a defendant would destroy complete diversity, the Court would not have jurisdiction over this matter.  However, in the absence of definitive information from Safeway regarding Heilig's residency at the time of the incident, it seems improvident to grant the motion for remand.

ORDER

**IT IS THEREFORE ORDERED:**

The second motion for leave to amend at **Docket No. 21** is **GRANTED**. Gillen may amend the complaint to include Teresa Heilig. The complaint shall be filed **on or before Thursday, March 23, 2006.** Safeway is directed submit documentation regarding Heilig's residency **on or before Friday, March 24, 2006.** Should Safeway fail to file the requested documentation, the Court will assume that joinder of Heilig destroyed diversity and will immediately remand this case to State Superior Court.

Dated at Anchorage, Alaska, this 17 day of March 2006.

/s/ Timothy M. Burgess
**TIMOTHY M. BURGESS**
United States District Judge